In the Matter of Proving the Last Will and Testament of ERNEST G. W. WOERZ, Deceased, as a Will of Real and Personal Property.

CHARLES P. DOELGER, as General Guardian of GLADYS M. DOELGER and Others, Appellant; SAMUEL UNTERMYER and Others, Respondents.

First Department, November 3, 1916.

Surrogate's Court — probate proceedings — right to oral examination of subscribing witnesses — section 2611 of the Code of Civil Procedure construed — examination by general guardian.

Section 2611 of the Code of Civil Procedure, relating to the examination of the subscribing witnesses to a will in proceedings for probate, should be interpreted to mean that any party to the proceeding is entitled to examine the subscribing witnesses whether he has filed objections to the

probate or not. He is entitled to an examination in advance of filing objections as well as thereafter.

Said right of oral examination of the subscribing witnesses should be accorded to the general guardian of infants interested in an estate.

APPEAL by Charles P. Doelger, as general guardian, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 10th day of July, 1916, denying an application for the examination of the subscribing witnesses to the will.

*Andrew C. Troy,* for the appellant.

*Abraham Benedict,* for the respondents.

DOWLING, J.:

On May 13, 1916, a petition for the probate of the alleged last will and testament of Ernest G. W. Woerz, deceased, was filed in the surrogate's office of the county of New York and a citation issued directed to all the parties in interest. On June 6, 1916, Charles P. Doelger was duly appointed the general guardian of Gladys M. Doelger and other of his infant children, and on June nineteenth was appointed general guardian of another infant child, Carl P. Doelger. He has duly qualified as such general guardian. On June 7, 1916, he was duly permitted by order of the court to intervene in the probate proceedings and to file objections on behalf of the infants. Thereafter on June 19, 1916, he filed his petition setting forth certain facts and circumstances as to the terms of the will propounded and an earlier one, and as to the drawing of the later will and the condition of mind and health of the testator, and asked for an order authorizing and permitting him to examine orally the subscribing witnesses to the alleged last will and testament, pursuant to section 2611 of the Code of Civil Procedure, and for a direction that such witnesses appear before the surrogate and be examined. From a denial of the motion the present appeal is taken.

Section 2611 of the Code of Civil Procedure provides as follows: " Before a written will is admitted to probate, two, at least, of the subscribing witnesses must be produced and examined, if so many are within the State, and competent and

able to testify.   Before a nuncupative will is admitted to probate, its execution and the tenor thereof must be proved by at least two witnesses.   The proofs must be reduced to writing. Any party to the proceeding may request the oral examination of the subscribing witnesses to the will and may examine such witnesses and any other witness produced by the proponent before the surrogate, without first filing objections to the probate of such will."   The appellant brought himself within the provisions of this section.   He was a party to the proceeding and he had not yet filed objections to the probate of the will. He was, therefore, entitled to the order applied for, and it was error to deny the prayer of his petition.   Furthermore, we believe that the proper interpretation of the section is that any party to the proceeding is entitled to the examination in question, whether he has filed objections or not, and that the sole purpose of the language used was to make it absolutely certain that the examination might be had in advance of filing objections, as well as thereafter.   And it is obvious that the privilege of examining the subscribing witnesses before filing objections may result in the abandonment of proposed contests, while the same privilege, exercised after filing objections, may prove of great value in preparing for the hearing or trial before the surrogate.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements to appellant payable out of the estate, and the matter remitted to the Surrogate's Court that it may make the appropriate order granting the petitioner's motion herein.

CLARKE, P. J., McLAUGHLIN, SCOTT and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements to appellant payable out of the estate, and proceedings remitted to Surrogate's Court.