In the Matter of the Petition of JULIA B. BRIGGS for the Probate of the Last Will and Testament of AMOS D. BRIGGS, Deceased.

JULIA B. BRIGGS, Petitioner, Appellant; BENNETT T. BRIGGS and Others, Respondents.

Third Department, December 28, 1917.

**Surrogate's Court — jurisdiction, upon probate of will, to order examination of proponent — provisions of Code of Civil Procedure construed.**

The Surrogate's Court is one of limited or inferior jurisdiction and derives all its powers from some express provision or necessary implication of statute.

The examination of a party before issue joined is not a mere incident to the taking of the proof of a will.

The Code of Civil Procedure, sections 2614, 2510 and 2490, does not authorize a surrogate, upon the probate of a will, to grant an unlimited examination of a party who is not a witness thereto, and who has not been called or offered as a witness.

The right of examination in a probate proceeding conferred by section 2611 of the Code of Civil Procedure, extends only to subscribing witnesses and to any other persons who are called to the stand by the proponent or whose testimony is offered as evidence in the proceeding.

APPEAL by the petitioner, Julia B. Briggs, from an order of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 13th day of September, 1917, granting the motion of certain interested parties for her examination herein, and also from the order granting the same relief entered on the minutes of said Surrogate's Court on the 6th day of September, 1917.

*Harry Cook,* for the appellant.

*William E. Woollard,* for the respondents.

WOODWARD, J.:

The appellant petitioned the Surrogate's Court of Albany county for the probate of·the alleged last will and testament of Amos Briggs, deceased. She was the second wife of the testator, was named as executrix of the will and was the residuary legatee thereunder. Upon the return of the citation the respondents' counsel was accorded opportunity to examine the subscribing witnesses prior to filing any objection to the probate. The appellant did not take the stand, nor was her testimony offered or used in any manner as evidence in the proceeding, nor was any witness called except those already examined by respondents. Counsel for the respondents then asked to question the petitioner " regarding the circumstances surrounding the death of Mr. Briggs and the amount of the estate." Over objection and exception the acting surrogate ruled that he might do so. Court adjourned, and upon reconvening the acting surrogate renewed his rulings that the respondents might examine the petitioner, placing his authority for the ruling upon section 2611 of the Code, and declining to place any limitation whatever upon the scope of the examination. This last was done after counsel for the petitioner had stated that he would make no objection to the examination of the petitioner as to the circumstances of the drafting, executing and custody of the will. From formal order entered, as well as from the order entered on the minutes, an appeal is taken.

Such an order cannot be sustained unless made in pursuance of some statutory authority. It amounts to a general and unlimited examination of a party, before trial, even before issue is joined. The Supreme Court, with general jurisdiction, has no inherent power to compel a party to submit to examination before trial, and can only do so where statutory authority exists. (*Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 278.) The Surrogate's Court is one of limited or inferior jurisdiction and derives its every power from some express provision or necessary implication of statute. (*Matter of Hawley*, 104 N. Y. 250.)

Counsel for the respondents has endeavored to spell such an implication from sections 2614, 2510 and 2490 of the Code. The first requires the surrogate to inquire into all facts and

circumstances and be satisfied with the genuineness of the will. It does not, however, empower him to do it in advance of the trial or even of the creation of any issue. Section 2510 confers jurisdiction to take proof of wills, and section 2490 authorizes him to exercise incidental powers. But we are unwilling to hold that examination of a party before issue joined is a mere incident to taking proof of a will. It has been held not to be an incident to taking proof of causes of action in the highest court of original jurisdiction.

Nor can we find in section 2611 the authority for the practice here attempted. The section provides: "Any party to the proceeding may request the oral examination of the subscribing witnesses to the will and may examine such witnesses and any other witness produced by the proponent before the surrogate, without first filing objections to the probate of such will."

The enumeration of the classes of witnesses which may be examined before objection excludes every witness of the class not named. The petitioner was not a subscribing witness and she was not a witness produced by the proponent. Attending in court did not make her a witness, nor did the fact that she had verified the petition. Persons who verify pleadings are not by that act made witnesses.

We hold that the right of examination conferred by this section extends only to subscribing witnesses, and to any other persons who are called to the stand by the proponent, or whose testimony is offered as evidence in the proceeding. The petitioner was not included in either class, and the order appealed from should be reversed, with costs against the respondents personally.

All concurred.

Order reversed, with costs against the respondents personally.