In the Matter of the Probate of the Last Will and Testament of JOHN O'MELIA, Deceased.

WILLIAM O'MELIA and Others, Heirs at Law and Next of Kin of JOHN O'MELIA, Deceased, Appellants; MARTHA REICHEL, Executrix Named in the Proposed Will, Respondent.

Fourth Department, June 30, 1925.

Wills — probate — examination of subscribing witnesses pursuant to demand made under Surrogate's Court Act, § 141 — at close of examination next of kin filed objections to probate on ground of undue influence and lack of testamentary capacity and demanded jury trial — case then became contested and jury trial had to be provided for under Surrogate's Court Act, § 147, pursuant to demand made in objections — improper execution may be considered on trial of objections — legatees must be notified under Surrogate's Court Act, § 148, and special guardians appointed under Surrogate's Court Act, § 64 — alleged decree denying appellants' motion to dismiss petition for probate and ordering jury trial is order (Surrogate's Court Act, § 78) and is not appealable under Surrogate's Court Act, § 288.

As soon as objections are filed to the probate of a will on the ground of lack of testamentary capacity and that the will was executed through undue influence, a contest is initiated and it then becomes the duty of the surrogate to provide for a trial of the issues by the surrogate or by a jury, as provided in sections 147 and 149 of the Surrogate's Court Act.

Accordingly, where, at the close of the examination of the subscribing witnesses pursuant to a request made under section 141 of the Surrogate's Court Act, written objections are filed to the probate of the will on the ground that the execution of the will was defective, that the testator was not of sound mind and that the alleged will was obtained by undue influence, and a demand made for a jury trial, the case at once becomes a contested one and the surrogate must provide for a jury trial under section 147 of the Surrogate's Court Act, and he is relieved by the filing of objections from the necessity of making a determination as to the execution of the instrument upon the examination of the subscribing witnesses.

The appellants have been denied no right in this case by the action of the surrogate in directing a jury trial pursuant to the demand contained in the objections, for they may assert the same claims at the trial which is to ensue. The proceeding for probate is not terminated; it has merely taken on a new character, that of a proceeding involving issues of fact.

It will now be necessary to appoint special guardians under section 64 of the Surrogate's Court Act for two minor legatees and to notify them of the probate proceedings under section 148 of the Surrogate's Court Act.

The so-called decree which denies the appellant's motion to dismiss the petition

for probate and orders a jury trial of the issues raised by the objections is not a decree within the meaning of section 78 of the Surrogate's Court Act, but is an order and as such is not appealable, as it does not affect a substantial right within the meaning of section 288 of the Surrogate's Court Act, and, therefore, the appeal is dismissed.

APPEAL by Wiliam O'Melia and others from a (so-called) decree of the Surrogate's Court of the county of Oswego, entered in the office of said Surrogate's Court on the 20th day of December, 1924, denying appellants' motion for the dismissal of the petition for the probate of an alleged will of John O'Melia, deceased, and ordering a jury trial of the issues raised by the appellants' objections.

*R. J. Shanahan,* for the appellants.

*Ira P. Betts,* for the respondent.

SEARS, J.:

The executrix named in an alleged will filed a petition in the Surrogate's Court of Oswego county for its probate. On the return day of the citation issued thereon all the next of kin of the decedent appeared by attorney and requested an examination of the subscribing witnesses under the provisions of section 141 of the Surrogate's Court Act. Adjournments were had and finally such an examination of the subscribing witnesses occurred. Counsel for the petitioner examined the witnesses in chief and counsel for the next of kin also examined them fully.

At the close of the examination, counsel for the next of kin moved for a dismissal of the petition on the ground that no proof had been produced on behalf of the proponent to show that the will had been executed with the formalities required by law, but that, on the contrary, it affirmatively appeared that one of the alleged witnesses had not signed her name to the instrument until after the death of the testator.

On the same day the next of kin also filed written objections to the probate of the will on the ground that the execution was defective, that the testator was not of sound mind, and that the alleged will was obtained by undue influence. The objections were evidently prepared before the examination of the witnesses had been demanded. The final paragraph is as follows: " The above named objectors hereby respectfully request and demand a preliminary examination as to the execution of said will, hereby demanding and reserving the right to demand a jury trial of the issues raised by the petition and these objections, if, after the said preliminary examination, the petition herein is not dismissed or denied."

The whole matter was taken under advisement by the learned special surrogate before whom the examination had been held, who later filed a decision upon which a " decree " was entered denying the

motion of the next of kin for the dismissal of the petition and ordering a jury trial of the issues raised by the objections at a term of the Supreme Court pursuant to section 68 of the Surrogate's Court Act.

Upon this appeal it is argued that the preliminary examination conclusively established that the instrument offered for probate had not been duly executed as a will and that, therefore, the motion of the next of kin at the close of the preliminary examination should have been granted.

We think the question as to the effect of the evidence upon the preliminary examination is not before us. Section 141 of the Surrogate's Court Act provides for an oral examination of the subscribing witnesses to the will and of such other witnesses as are produced by the proponent before the surrogate upon request by any party to the proceeding without first filing objections. The purpose of the statutory permission is to enable possible objectors to gain knowledge of the facts before determining whether or not to file objections to probate. (*Matter of Woerz*, 174 App. Div. 430.) If no objections are filed the preliminary examination is to be considered by the surrogate in reaching a conclusion as provided by section 144 of the Surrogate's Court Act, whether the will was duly executed, whether the testator at the time of executing it was in all respects competent to make a will and not under restraint, before admitting the proffered instrument to probate. It is then an uncontested case and the question is for the conscience of the surrogate. The legatees and devisees if not heirs at law or next of kin up to this time have not ordinarily been cited or even notified of the pendency of the proceeding. (See Surrogate's Court Act, §§ 140, 146–148.)

A contest is initiated by the filing of an answer or objections, and the issues raised by the answer or objections are triable by the surrogate or by a jury as provided in sections 147 and 149 of the Surrogate's Court Act. Until objections are filed, the preliminary examination so far as expectant contestants are concerned has the character of a deposition taken before trial. " The expectant contestant [at the time when the preliminary examination is taken]. has usually not even framed his objections. He looks upon the permissive provisions of § 141, as a complimentary ticket for a fishing excursion." (Jessup-Redf. Surr. [1925 ed.] § 362a.)

Thus in the present case when the appellants filed objections the case at once became a contested one and nothing remained for the learned special surrogate to do but to make provision for the jury trial in accordance with the demand contained in the objections. The law makes no provision for conditional objections and the instrument filed was effective to raise issues of fact. If objections

had not been filed, the surrogate would have had to make a determination as to the execution of the instrument. He would have either denied or granted probate. But he has been relieved from this necessity by the act of the next of kin in instituting a contest.

Even though the evidence be assumed to be insufficient to sustain the burden of proof which rested on the proponent, the appellants have been denied no right by the action of the court in directing a trial by jury for they may assert the same claims at the trial which is to ensue. The proceeding for probate is not terminated; it has merely taken on a new character, that of a proceeding involving issues of fact. The legatees named in the alleged will, two minor children, will now be notified. (Surrogate's Court Act, § 148.) Special guardians will be appointed for them. (Surrogate's Court Act, § 64.) The issues will be tried as provided by law. The adjudication thereon will be conclusive upon all parties interested so far as appears from the record. (Surrogate's Court Act, § 80; *Wadsworth* v. *Hinchcliff*, 218 N. Y. 589.)

The so-called decree from which the appeal is taken was not a determination of the rights of the parties, and was improperly styled a decree. (Surrogate's Court Act, § 78.) It was an order and as such was not appealable as it did not affect a substantial right. (Surrogate's Court Act, § 288.)

The appeal should, therefore, be dismissed, with costs.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Appeal dismissed, with costs.