In the Matter of the Estate of NATHAN BURNSTINE, Deceased.

Surrogate's Court, New York County, February 13, 1932.

*Burnstine & Geist,* for Flora R. Burnstine.

*Charles Recht,* for contestant Abraham Icek Segal.

*Sylvester Benjamin,* for contestants Rebecca G. Whitman and others.

*Joseph Kopelman,* for contestant Reine Rae Corporation.

*Edward S. Silver,* for contestants Rebecca Libsk and others.

*Harry Minsky,* for contestant Max Davis.

FOLEY, S. The contestants apply for an examination of the subscribing witnesses to the will. The application is resisted by the proponent on the ground that section 141 of the Surrogate's Court Act limits the right to an examination to a time prior to the filing of objections. Counsel for the proponent contends that since the contestants have already filed objections in the pending probate proceeding, the right is lost to the contestants. The application is granted. I find no support in the terms of the section for any such narrow construction.

The question raised here has been decided by the Appellate Division, First Department, adversely to the claim of the pro-

ponent. The prior form of section 141 there construed was substantially similar to its present provisions. In *Matter of Woerz* (174 App. Div. 430), Mr. Justice DOWLING held that the examination was available to any party to the proceeding whether he had filed objections or not, and that the sole purpose of the language used in the section " was to make it absolutely certain that the examination might be had in advance of filing objections, as well as thereafter." He wrote further: " It is obvious that the privilege of examining the subscribing witnesses before filing objections may result in the abandonment of proposed contests, while the same privilege, exercised after filing objections, may prove of great value in preparing for the hearing or trial before the surrogate." This observation has been demonstrated frequently in the Surrogate's Court. For that purpose the right of examination has been afforded to a most liberal extent. (*Matter of Beeman*, 221 App. Div. 129; *Matter of Hawley*, 133 Misc. 572, SCHENCK, S.) The futility of a contest is often demonstrated by the testimony disclosed by the preliminary examination of the subscribing witnesses. Thereby further expense and delay are avoided and a withdrawal of the objections follows. If the contestant proceeds with his contest in the face of the disclosed regularity of execution, costs in the discretion of the surrogate, may be awarded against him personally. (*Matter of Rogers*, 127 Misc. 428; affd., 220 App. Div. 834.)

On the other hand, the preliminary examination before trial sometimes establishes invalidity or forgery in the execution of the propounded paper and after the trial probate is denied. I find no evidence of legislative intent to prohibit the right of examination after the filing of objections by the amendment made to section 141 of the Surrogate's Court Act in 1925 (Laws of 1925, chap. 575.) The amending measure was carelessly drawn. Its defects have even crept into the official edition of the Session Laws of 1925, for it is there stated in the footnote that the last phrase of the section which reads " without first filing objections to the probate of such will " is new matter. The statement is incorrect, for that language had been included in the section previously to the amendment.

There was added by the chapter mentioned the following italicized matter: " any party to the proceeding, *before filing objections to the probate of said will*, may request the oral examination of the subscribing witnesses thereto and may examine such witnesses * * *." The italicized language added nothing to the prior language of the section which previously permitted examination before objections were filed. It was merely confirmatory of the

existing practice. If the Legislature had intended to prohibit examination after the filing of objections, or to modify the effect of the decision in *Matter of Woerz* (*supra*), the language of the prohibition would have been made definite and positive. Mr. Surrogate O'BRIEN reached a similar conclusion upon this question in *Matter of McMahon* (N. Y. L. J. Nov. 12, 1931).

Submit order on notice granting the application accordingly.