In the Matter of the Estate of SAMUEL FELENSTEIN, Deceased.

Surrogate's Court, New York County, February 15, 1932.

*Moers & Rosenchein* [*Charles S. Rosenchein* of counsel], for the proponent.

*David L. Podell* [*Sidney Schreiber* of counsel], for Anna F. Moscovitz, contestant.

*Murray Felenstein*, for the petitioner in person.

FOLEY, S.  The contestant seeks an examination of all three subscribing witnesses to the will.  Her counsel duly served a written demand for such examination.  Two of the subscribing witnesses were produced by the proponent.  They were laymen.  The third subscribing witness whom the proponent refused to produce for examination is an attorney and apparently was the draftsman of the will.  Counsel for the proponent relies upon a highly technical construction of section 141 of the Surrogate's Court Act which relates to the examination of the subscribing witnesses.  The material part of that section reads as follows: " Any party to the proceeding, before filing objections to the probate of said will, may request the oral examination of the subscribing witnesses thereto and may examine such witnesses and any other witness produced by the proponent before the surrogate, without first filing objections to the probate of such will."  Counsel contends that the words " produced by the proponent " not only limit the phrase " any other witness," but also the prior phrase, " the subscribing witnesses thereto."  In other words, the proponent argues that he may select any two of the

witnesses and submit them for examination and refuse to produce the third witness.

I find no such evidence of intent in the language of the statute or in its previous form. The words " produced by the proponent " apply only to a witness who is not a subscribing witness. Such witnesses may have been present at the execution or may be produced to identify the handwriting of the missing subscribing witnesses, or of that of the testator, or proof may be required in the case of a lost will to show fraudulent destruction or to account for the existence of the document at the time of death in the possession of a party other than the testator. The section properly limits the right of examination of such witnesses to those produced by the proponent. Thereby it prevents unnecessary harassment of the proponent or delay by the contestant.

Any or all of the subscribing witnesses may be examined by any party to the proceeding. Where one of the witnesses is hostile, recalcitrant or not within the control of the proponent, his presence may be enforced by an order procured by the party seeking to examine. (*Matter of Elias*, 128 Misc. 122.) In the latter case I held, where one of the subscribing witnesses resided in a distant county in this State, the statutory subpœna fees should be paid by the contestant. The right of examination under section 141 has been liberally recognized by the courts. (*Matter of Woerz*, 174 App. Div. 430; *Matter of Beeman*, 221 id. 129; *Matter of Burnstine*, 144 Misc. 254.) Cases have occurred in this court (fortunately few in number) where attempts have been made to probate a forged will. In one case within the past few years the will had been signed by the witnesses after the death of the alleged testator. The attempt to defraud infant next of kin of a material part of the estate was circumvented by the oral examination of the subscribing witnesses before trial.

If the argument urged against the right of examination of all of the subscribing witnesses was carried to its end, the procedure would enable a proponent to produce two perjurious witnesses and prevent the calling of a third honest witness who might disclose defective execution, forgery, undue influence or other fundamental defect in the making of the alleged will.

In the pending proceeding, the third witness sought to be examined, J. Rhodes O'Reilly, is an attorney. By becoming a subscribing witness he was enabled to testify to the instructions of the testator in addition to the facts of execution. (Civ. Prac. Act, § 354.) As an officer of the court, and as the draftsman of the will, his testimony should be more important than the evidence of the other subscribing witnesses who are laymen. No claim is made

that he is recalcitrant, or not within the control of the proponent. The examination of the subscribing witness sought here is by order to show cause directed to him. I hold that the surrogate, at the request of any party, may order the examination of a subscribing witness within the provisions of section 141, by direct order against him without the consent of the proponent. The proponent is, of course, entitled to notice of the application and if the examination is granted, is entitled to participate in it.

Application for examination granted. Submit order on notice.