In the Matter of the Probate of the Will of Max J. Kramer, Deceased.

Surrogate's Court, New York County, November 25, 1946.

*Riggs, Ferris, Geer & Mygatt,* for Central Hanover Bank and Trust Company, executor and trustee.

*Gilbert & Gilbert* for Milton J. Kramer and another.

*Daniel J. Madigan* for Lillian G. Kramer and another.

*George C. Norton* for Maria Kramer.

Delehanty, S.  A proceeding to establish as deceased's will a paper dated December 13, 1933, is now pending undetermined in this court.  A later proceeding is also pending having for its objective the probate as a lost or fraudulently destroyed will of deceased of a paper dated May 4, 1944.  In the proceeding just mentioned certain cited parties demanded oral examination of witnesses under section 141 of the Surrogate's Court Act.  Pursuant to such demand two persons attended who said that they had been witnesses in 1944 to the execution of a paper by deceased and that they had themselves subscribed such paper after deceased.  The proponent of such paper called no additional witnesses.

No formal objections to the 1944 instrument have yet been filed. The persons who sought the examination now move to dismiss the petition for its probate on the ground that petitioner has failed to produce any proof on the basis of which the Surrogate can now admit the 1944 instrument to probate as a lost or destroyed will. The moving parties also assert that the petition is insufficient in that petitioner failed therein to allege facts sufficient to entitle the instrument to probate if all the allegations in the petition were established. In support of the first ground mentioned the moving parties say that the proponent of the 1944 paper failed to adduce proof of a lost or destroyed will in a degree which meets the requirements of section 143 of the Surrogate's Court Act. Concededly the testimony of the two witnesses presented does not make proof of the special circumstances mentioned in such section 143.

So far as the motion is addressed to the tenor of the petition itself the court finds the attack to be without substance. While the petition is not clearly phrased the allegations in it sufficiently allege the facts necessary to give the court jurisdiction. This ruling leaves open only the first ground stated. The issue seems to be whether or not a proponent of a lost or destroyed will must on a preliminary examination under section 141 of the Surrogate's Court Act present in the first instance enough proof to warrant the admission of the will to probate if nothing else were shown.

Section 141 of Surrogate's Court Act is the latest of many statutory provisions regulating the preliminaries of a probate proceeding. Note is made of section 11 of chapter 460 of the Laws of 1837, of chapter 129 of the Laws of 1841, of section 2618 of the Code of Civil Procedure as it existed in 1911, of the text of the same section of the code as it existed in 1913, of the Report of the Commission to Revise the Practice and Procedure in the Surrogates' Courts (N. Y. Sen. Doc., 1914, No. 23), of the new section 2611 of the Code of Civil Procedure recommended by such commission, of section 2617 of the Code of Civil Procedure also recommended by such commission and of the many cases which have dealt with the area of preliminary examinations under the acts effective at the time when the proceedings under consideration by the courts were initiated. Among the cases so dealing are *Matter of Hock* (74 Misc. 15), *Matter of Hermann* (83 Misc. 283), *Matter of McGovern* (5 Dem. 424), *Hoyt* v. *Jackson* (2 Dem. 443), *Matter of Baird* (41 Hun 89, 93), *Matter of McGuire* (128 Misc. 679), *Matter of Woerz* (174 App. Div. 430).

*Matter of Briggs* (180 App. Div. 843), *Matter of Hirsch* (133 Misc. 599), *Matter of Felenstein* (144 Misc. 345) and *Matter of O'Melia* (213 App. Div. 387). The notes of the revisers of 1914 appended to the respective revised sections of the Code of Civil Procedure already mentioned concern the subject matter as well.

An analysis of the sources just listed would expand this decision beyond permissible lengths. It seems sufficient to say that the course of statutory and judicial action in relation to the preliminary inquiry has materially changed over the years and that now it is established that in the case of an uncontested probate the question of sufficiency of proof is one for the Surrogate himself to determine when and if the matter is submitted as an uncontested proceeding; and that the issue is one to be tried in accordance with the usual procedure on a trial if the proceeding takes the form of a contested probate.

The motion now made is in a sense an application equivalent to a proceeding under article 78 of the Civil Practice Act to compel the Surrogate as a judicial officer now to express a binding opinion as to the sufficiency of the proof before him if the proof of the 1944 instrument were to be deemed closed. When parties have the opportunity to make formal objections and fail to do so the Surrogate for the first time is called on to determine whether his judicial conscience is satisfied or whether he will require further proof before he will render a decision. While it may undoubtedly be the case that a Surrogate would not be content with the present state of the record if he were asked to admit the 1944 paper as the last will of deceased, it does not follow that the moving parties without interposing objections can compel a ruling now on the sufficiency of the proof while reserving their positions as prospective objectants. When and if the parties interested have had the opportunity to contest the instrument and when they conclude to assume the position of noncontesting parties — with right of contest foreclosed — the Surrogate can and only then should express an opinion as to the sufficiency of the record.

The actual state of the proceeding at the moment is that nobody contests the paper propounded as the 1944 will of deceased. But the moving parties have not waived their right to contest such paper. If they desire to raise the points which are indicated by their moving papers the only admissible procedure is to file objections to the propounded instruments. Such objections may take the form of asserting that the instrument was never executed by deceased or that though executed by

deceased it was destroyed by him *animo revocandi*. The objections may of course also cover any other basis commonly urged in attack upon an instrument alleged to be a will.

On the present state of the record the motion is denied. Submit, on notice, order accordingly. In this order provision will be made for granting to the moving parties leave to file objections to the propounded instrument not later than five days after the date of the order.