In the Matter of the Probate of the Will of JOE FADEN, Deceased.

Surrogate's Court, Kings County, February 11, 1955.

*James H. Meyer* for the motion.

*Alexander M. Inselman* opposed.

Moss, J. (Justice of Supreme Court as Acting Surrogate). The proponent moves for an order directing the respondent, Isidore Faden, to furnish security for costs pursuant to section 282 of the Surrogate's Court Act, on the ground that he is a nonresident. The respondent opposes the motion on the ground that: " An examination of the records of this court will reveal that the said Isidore Faden merely filed a notice of appearance herein. He filed no answer ".

The proponent alleges that his attorney was served with a copy of respondent's objections to the propounded instrument. The records, however, do not disclose the filing of the original objections (Surrogate's Ct. Act, § 147) with proof of service thereof (Kings Co. Surrogate's Ct., rule XIII), nor the payment of the filing fee required therefor (Surrogate's Ct. Act, § 29-a, subd. 15).

The primary issue presented, therefore is whether the facts stated constitute the respondent a contestant within the purview of section 282 of the Surrogate's Court Act, which provides: " 282.   *   *   *   In any proceeding where an issue is raised by answer or objection by or on behalf of a nonresident of the state of New York against the proponent of a will   *   *   *   such proponent   *   *   *   shall be entitled in the discretion of the surrogate to have the person or persons raising such issue give security for costs." That section further provides that the Surrogate may dismiss the " objections " or " answer " if the order granting the motion be not complied with.

Section 141 of the Surrogate's Court Act provides that: " Any party to the proceeding, before or after filing objections to the probate of said will, may request the oral examination of the subscribing witness thereto and may examine any or all of the subscribing witnesses and any other witness produced by the proponent before the surrogate."

Section 147 of the Surrogate's Court Act provides that a respondent may file objections to a will or codicil " at or before the close of the testimony taken before the surrogate ", which means an examination under section 141 of the Surrogate's Court Act (see *Matter of McGuire*, 128 Misc. 679, 681–683).

It appears from the records that an examination of all the subscribing witnesses, pursuant to an order of this court, was completed or closed on December 3, 1954. If the respondent intended to constitute himself a contestant he was required, on or before that date, to pay the filing fee and file the original verified objections with " proof of service of a copy thereof on each attorney, Special Guardian or party appearing in person in such proceeding ". (Surrogate's Ct. Act, § 147; Kings Co. Surrogate's Ct., rule XIII; *Matter of O'Melia*, 213 App. Div. 387.)

There is no claim that respondent complied with such requirements, or that he has applied to this court to be relieved of his default (*Matter of Juengst*, 192 App. Div. 917). To the contrary, he has asserted that he " merely filed a notice of appearance herein. He filed no answer ", thereby dispelling any

possible pretension that he should be considered a contestant.

The motion, therefore, is in all respects denied as a matter of law. It could have been denied in any event as a matter of discretion, since respondent's attorney also represents a group of objectants, one of whom is given a legacy out of which costs, if any are assessed against her personally, may be satisfied. (*Matter of Hall*, 56 N. Y. S. 2d 813, and authorities cited.) Settle order on notice.