■ In the Matter of the Probate of the Will of ALONZO H. KING, Deceased. JOHN MEEHAN, Appellant; ANDREW H. KING, Respondent.— Order entered on February 2, 1961, denying proponent's motion for summary judgment admitting the purported will of Alonzo H. King to probate and for related relief, unani-

mously modified, on the law and the facts and in the exercise of discretion, to the extent of granting leave to proponent to renew his motion if so advised, and as so modified the order is affirmed, without costs. As we read the objections to probate, they are grounded solely on asserted noncompliance with the requirements of section 21 of the Decedent Estate Law. No questions relating to such matters as testamentary capacity, fraud or undue influence are raised. On the basis of the testimony of the subscribing witnesses taken pursuant to section 141 of the Surrogate's Court Act and offered by proponent in support of his motion, we regarded the opposition to probate as ill-founded. We hold as a matter of law that the notations which follow the signatures of the decedent and the witnesses do not constitute a testamentary disposition, and we are satisfied that in other respects the requirements of section 21 have been met. *Matter of O'Melia* (213 App. Div. 387, 389) indicates that in permitting interrogation of the subscribing witnesses before the filing of objections, the purpose of section 141 of the Surrogate's Court Act is " to enable possible objectors to gain knowledge of the facts before determining whether or not to file objections to probate." Because of that purpose the Surrogate was of the view that summary grant or denial of probate may not be based on an examination under section 141. As rule 113 of the Rules of Civil Practice, which is applicable to probate proceedings (*Matter of Pascal*, 309 N. Y. 108), permits the use of depositions, we are not in accord. We appreciate the possibility that an inquiry undertaken only to explore the advisability of filing objections may for that reason sometimes be less thorough and comprehensive than the usual pretrial examination, but that is a factor to be weighed in assessing the probative force of the testimony, not one which wholly excludes it from consideration. The record shows, however, that the subscribing witnesses were examined on April 20, 1960, the objections were verified May 10, and the notice of motion was dated May 17. It is questionable therefore that, at the time the motion was made, the contestant had been afforded adequate opportunity for further investigation of the subject matter of the testimony. As such an investigation, whether by pursuit of pretrial procedures or otherwise, may since have been undertaken and may produce evidence advantageous to contestant's case, fairness requires that he be allowed to present it. For that reason we do not grant proponent's motion but give him leave to renew it. Concur — Botein, P. J., Breitel, Rabin, Valente and Bastow, JJ. [27 Misc 2d 502.]