Jerome B. E. Wolff, S.
The contestants, Robert Unckless and Marian Unckless Woodall, the respective nephew and niece of the decedent, sought an examination of the subscribing witnesses to the will of Clara L. Potter. On the return day for the examination, the proponent of the will of the decedent produced two of the subscribing witnesses to the will for examination. When the will was executed there were three subscribing witnesses and, at present, all three subscribing witnesses are alive.
Counsel for the proponent argued that, since in order to probate a will, only the depositions of two subscribing witnesses were necessary; therefore, upon an application to examine subscribing witnesses to the will only those subscribing witnesses whose depositions were taken in order to probate the said will would be necessary.
The pertinent part of subdivision 4 of section 141 of the Surrogate’s Court Act reads as follows: “ Any party to the proceeding, before or after filing objections to the probate of said will, may request the oral examination of the subscribing witnesses thereto and may examine any or all of the subscribing witnesses and any other witness produced by the proponent before the surrogate.” The section, as quoted, does not limit the subscribing witnesses to be examined only as to those who have offered their proof as to the execution of a will. It has been held in the Matter of Felenstein (144 Misc. 345) that all subscribing witnesses must be examined. In that case the third witness sought to be examined was an attorney who originally drafted the will in question. In the instant case, all three subscribing witnesses are laymen. In order to clarify this issue as to the interpretation of subdivision 4 of section 141 of the Surrogate’s Court Act and the proper procedure thereunder, upon an application to examine subscribing witnesses, if all witnesses are alive at the time of the examination, the contestant has the right to examine all of the subscribing witnesses and, if possible, all at the same time. To allow the examination of only two of the subscribing witnesses would necessitate an undue hardship upon the contestants, in that a third witness, at a later date and especially upon the trial of the contested will, could always supply the additional testimony in order to produce the over-all proper requisites for the execution of a will. Furthermore, examination of all of the subscribing witnesses at one time, when their testimony would be transcribed, would result in a permanent record and eliminate a change of mind *465 or a further recollection as to the circumstances surrounding the execution of a will.
All the subscribing witnesses to the will of Clara L. Potter shall be present at the time of the examination before this court and the contestants will proceed accordingly. Application for examination granted.