OPINION OF THE COURT
John M. Czygier, Jr., S.
In the context of a captioned contested probate proceeding, counsel for a beneficiary under a document which has been offered for probate dated February 14, 1995 has moved, by order to show cause, for an order pursuant to CPLR 2304, quashing a subpoena served upon him and issued by respondent, on the grounds that it is defective; that there is no right under SCPA 1404 to depose him in his capacity as alternate coexecutor; and that it is overly broad. Respondent has submitted an affirmation in opposition and movant has replied. Memoranda of law have also been provided.
As to his claim that the subpoena is defective, movant notes that the firm issuing same identifies itself on the face of the document as “attorneys for plaintiffs.” Review of the subpoena reveals, however, that movant, in this instance, at least, places form over substance. The caption, file number, name of movant, time, date and place of the deposition are clearly stated as are the documents which respondent seeks. The scrivener’s error, which movant himself has pointed out, must be deemed inconsequential.
Of more substance is movant’s contention that the statute governing those witnesses which may be examined under SCPA 1404 does not include him as a nominated successor executor. In support of his claim that respondent is without authority under SCPA 1404 to compel him to appear and be examined, despite the in terrorem clause contained in the document, movant points to the specific language in the statute which authorizes the examination of “nominated executors” but makes no mention of successor executors. He notes, correctly, that a successor or substitute executor has no right to testamentary letters until the contingency occurs which would enable him to serve, i.e., the resignation of the nominated executor. That contingency has not occurred here. Further, he notes that principles of statutory construction favor the view that where exceptions to a general rule have been articulated under the statute, the Legislature can be presumed to have intended not to include any others not mentioned. To underscore the statutory constraints inherent in the current statute, movant points to its predecessor, which instructed, in pertinent part, that those witnesses not statutorily *676 enumerated may not be examined. Also cited in support of his position is the 1917 case of Matter of Briggs (180 App Div 843 [1917]). Briggs addressed an application by respondents’ counsel to conduct an examination of petitioner, the nominated executor in a document offered for probate, and a residuary legatee thereunder. The Appellate Division, Third Department, found that the right of examination in a probate proceeding, under section 2611 of the Code of Civil Procedure, extended only to a subscribing witness and to any other persons who are called to the stand by the proponent or whose testimony is offered as evidence in the proceeding. Since petitioner did not fall within that class, the application to examine her was denied. Movant also cites Matter of Ellis (252 AD2d 118 [1998]) as an example of actions other than by filing objections which rose to the level of being equivalent of same, sufficient to invoke the in terrorem clause contained in the document. It must be observed, however, that the actions described in Ellis were extremely vexatious and were clearly not premised upon a good faith basis for inquiry as contemplated by EPTL 3-3.5 and SCPA 1404 (4).
Finally, movant claims that the subpoena is overly broad and that the information sought thereunder is irrelevant.
In response, counsel for prospective objectants acknowledges the error on the subpoena. He then goes on to address the substantive issues concerning its validity. He first observes that a prior order of this court dated September 20, 2005 set forth a discovery schedule for the underlying probate proceeding. Under the terms of that order, signed by both counsel for petitioner and objectant, it was agreed that the deposition of movant herein take place. Admittedly, counsel for movant was not a party to that stipulated discovery schedule. He too looks to SCPA 1404 (4) which informs that “if the will contains a provision designed to prevent a disposition or distribution from taking effect in case the will, or any part thereof, is contested, the nominated executors in the will and the proponents” may be examined. He, of course, interprets the term “nominated executors” more broadly than does movant to include nominated successor executors.
Respondent also contends that an examination of movant will disclose the exertion of undue influence by him over decedent for a period of many years during which he and decedent were alleged to have been involved in a romantic relationship. Respondent has pegged the time frame he seeks to examine movant to the period of that relationship which is believed to have *677 commenced in 1991 and ended with decedent’s death in 2005. Thus, respondent details in the papers submitted specific areas of inquiry for which this particular witness possesses pertinent information; that is, respondent is basing the request to examine this witness on more than just a mere hope and possibility that the witness may possess pertinent information.
Such examination clearly exceeds the time frame articulated under the Uniform Rules for the Surrogate’s Court which is, “[e]xcept upon the showing of special circumstances, the examination will be confined to a three-year period prior to the date of the propounded instrument and two years thereafter, or to the date of decedent’s death, whichever is the shorter period.” (Uniform Rules for Sur Ct [22 NYCRR] § 207.27.) Respondent claims that given the relationship decedent and movant shared and the fact that a claim of undue influence is contemplated, special circumstances sufficient to expand the three-year/two-year limit have been provided. Specifically, he points to the 27-year age difference between decedent and movant and his contention that movant used deception over the period of their relationship to wrest decedent’s assets from her.
The issue here, distilled to its essence, is how best to interpret what constitutes a nominated executor under SCPA 1404 (4). As noted by movant, the condition precedent which would trigger his status as an executor has yet to occur and may not ever occur. However, at this point in the proceedings, no one is an executor. All fall within the category of nominated executors or alternate executors. The rationale for permitting the examination of executors in the first instance was to strike an appropriate balance between the testator’s desire to avoid will contests by spurned beneficiaries and the right of those same beneficiaries to obtain sufficient information to make an intelligent decision as to whether to risk triggering the in terrorem clause. Clearly, the trend in this area is to grant broad latitude to potential objectants to obtain, within reason, such information (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1404). Where, as in this instance, the claim respondent seeks to make is based on an assertion of undue influence and fraud, which by their nature tend to require circumstantial evidence, such preliminary inquiry becomes even more relevant.
In terrorem clauses are enforceable in New York (EPTL 3-3.5); however, they are viewed with disfavor by the courts and are strictly construed (Matter of Robbins, 144 Misc 2d 510 [1989]).
*678 Although seemingly counterintuitive, the expansion of permissible discovery in instances where in terrorem clauses exist is actually intended to avoid needless contests by permitting potential objectants to make informed decisions concerning the merits of their claims. Realizing this, to deny respondent the ability to examine the nominated alternate executor would be intellectually inconsistent with the generally accepted premise of the courts vis-a-vis in terrorem clauses. It is clear that judicial philosophy of late favors an expansive reading of SCPA 1404 (4), as limited by EPTL 3-3.5 (b), in order to reduce contests and their attendant delays (Valente and Palumbo, Wills, Estates & Surrogate’s Practice, In Terrorem, or ‘No Contest,’ Clauses, NYLJ, Apr. 29, 1999, at 3, col 1).
Movant’s application to quash the subpoena based on the fact that it is defective is denied for the reasons stated herein; the further application to quash based upon the assertion that an examination of a nominated successor executor is not permissible pursuant to SCPA 1404 (4) is denied; and the application to limit the scope of the subpoena to the statutorily permitted time frame is granted solely to the extent of directing counsel for the parties to appear for a conference for the purpose of determining whether any of the documents so demanded require a showing of “special circumstances” in order to be entitled to their production.