BANK OF NEW YORK AND TRUST COMPANY, as Trustee under the Last Will and Testament of JOHN W. HAMERSLEY, Deceased, for the Benefit of VIRGINIA FIELD and Remaindermen, Plaintiff, *v.* LOUIS GORDON HAMERSLEY and Others, as Executors of the Last Will and Testament of JOHN W. HAMERSLEY, Deceased, and as Executors of the Last Will and Testament of VIRGINIA HAMERSLEY FIELD, Deceased, CATHERINE L. LIVINGSTON TIMPSON and JAMES LAW STEUART, as Administrator with the Will Annexed of HELEN READE HAMERSLEY STICKNEY, Deceased, Defendants.

Supreme Court, New York Special Term, December. 1923.

**Wills — construction — will construed so as to obviate intestacy — vested remainders — accounting — claim of executors untenable — when decree on previous accounting directing payment of corpus of trust fund is not res adjudicata.**

Testator bequeathed one-fourth of his personal property in trust for his daughter V. during her life, with remainder to her issue her surviving, and in default of such issue the subject-matter of the trust was given to his son and to H., another daughter of testator, or the survivor of them, with proviso " that if either or both

of them be previously deceased leaving lawful issue surviving my said daughter Virginia, then such issue in each case shall take *per stirpes* the share which would have gone to their said deceased parent (or ancestor) if living, unless all such issue shall be of equal degree of consanguinity to me, in which case they shall all take equal shares *per capita.*" The testator left him surviving said son, both of said daughters and a granddaughter, a child of a predeceased daughter. The son died leaving him surviving two children, thereafter his sister H. died without issue and later V. died. *Held,* that the son and the daughter H. took a vested remainder subject to defeasance and that it was the intention of testator to give the share which would have gone to H., had she survived her sister, to the children of his son in default of issue of both of his sisters.

The claim of the executors that irrespective of the ultimate disposition of the fund in question it must in the first instance be paid to them in accordance with a provision of the will that upon the termination of the trust the trustee " shall transfer all the funds belonging to such trust to my executors for the time being to the end that they may proceed to distribute such trust fund to the person or persons who in each instance, according to the provisions of this my will, shall be entitled to the same," was untenable.

Upon previous accountings when other trust funds fell in the question of their ultimate disposition was not raised, nor is it contended that all parties here were parties on the previous accountings or bound by the judgments therein. *Held,* that the decree entered upon said previous accountings directing payment of the corpus of the trust fund to the executors was not *res adjudicata* upon a motion in the present action for an accounting by the testamentary trustee, for an interlocutory judgment.

MOTION for interlocutory judgment in action for accounting.

*Emmet, Marvin & Roosevelt (Langdon P. Marvin* and *Joseph K. Savage,* of counsel) for plaintiff.

*Severyn B. Sharpe,* for defendant Catherine L. Timpson.

*Frank S. Moore,* for defendant Steuart.

*Stewart & Shearer (George L. Shearer* and *Harry H. Hoffnagle,* of counsel), for defendants Louis Gordon Hamersley and Katherine Hamersley Drayton.

*John N. Drake,* guardian *ad litem,* for defendant Samuel N. Hinckley, Jr.

*Coleridge A. Hart,* for defendants Harry H. Hawes, Coleridge A. Hart and Mary C. S. May, executors, etc.

PROSKAUER, J. Plaintiff, as trustee under the will of John W. Hamersley, seeks an interlocutory judgment in this action for an accounting which shall construe the 8th clause of the will. There testator bequeathed one-fourth of his personalty to plaintiff's predecessor in trust for his daughter, Virginia H. Field, for life with remainder to her issue her surviving, and further provided

" \* \* \* and if no such issue survive her, then I give the said two-eighths shares (or one-fourth) to my son James Hooker and daughter Helen Reade Hamersley or the survivor of them, provided that if either or both of them be previously deceased leaving lawful issue surviving my said daughter Virginia, then such issue in each case shall take *per stirpes* the share which would have gone to their said deceased parent (or ancestor) if living, unless all such issue shall be of equal degree of consanguinity to me, in which case they shall all take equal shares *per capita.*"

Testator left a son, James Hooker Hamersley, two daughters, Helen Reade Hamersley Stickney and Virginia H. Field, and a granddaughter, defendant Catherine L. Timpson, the daughter of a previously deceased daughter. James Hooker Hamersley, the son, died in 1901, leaving two children, the defendants Louis Gordon Hamersley and Katherine Hamersley Drayton. Defendant Samuel N. Hinckley, Jr., is a son of Katherine Hamersley Drayton by a previous marriage. Helen Reade Hamersley Stickney died in 1911 without issue. Virginia H. Field died in June, 1922.

It is conceded by all parties that the one-half of the one-quarter share bequeathed by the 8th clause, which on the death of Virginia H. Field was to go to James Hooker Hamersley, belongs beneficially to his children, defendants Louis Gordon Hamersley and Katherine Hamersley Drayton.

This controversy relates to the proper disposition of the other half which would have gone to Helen Reade Hamersley Stickney had she survived Virginia H. Field, or, she being dead, to her issue if she had left any.

Defendant Catherine L. Timpson claims an intestacy as to this half and that, therefore, the property should be distributed among the next of kin of the testator.

The executors of Helen Reade Hamersley Stickney claim that there was a vested remainder in her, which has not been divested, and that, therefore, the share became on the death of Virginia H. Field a part of Helen Reade Hamersley Stickney's estate.

The children of James Hooker Hamersley (the defendants Louis Gordon Hamersley and Katherine Hamersley Drayton) claim that this one-eighth share was divested and vested in them as their father's surviving issue by the death of Helen R. H. Stickney without issue before the death of the life tenant.

The claim of Catherine L. Timpson is disposed of by the authorities which hold that a will is always if possible to be construed so as to obviate intestacy. *Schult* v. *Moll*, 132 N. Y. 122; *Matter of Goldmark*, 186 App. Div. 447; 1 N. Y. Law of Wills, § 497.

In my opinion it was the testator's intent to give this share to

the children of James Hooker Hamersley who survived Virginia H. Field in default of issue of both Virginia H. Field and Helen Reade Hamersley Stickney.

Much was said in argument and brief as to whether the remainder was vested or contingent. At the time of the death of the testator, James Hooker Hamersley and Helen Reade Hamersley Stickney were " persons in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates." Real Prop. Law, § 40; Pers. Prop. Law, § 11. The remainder was, therefore, vested. It was, however, subject to defeasance. On the death of the life tenant without issue, one-half of this trust fund was to go to James Hooker Hamersley and the other half here in controversy to Helen Reade Hamersley Stickney. If either was dead, the survivor was to take the deceased's share, subject, however, to a proviso that if either or both of them were dead leaving lawful issue surviving Virginia Field, then such issue " in each case shall take the share which would have gone to their deceased parent if living." Helen Reade Hamersley Stickney being dead without issue, on the death of Virginia H. Field without issue, this share would have gone to James Hooker Hamersley had he survived. He being dead, his children take this share as " the share which would have gone to their deceased parent if living." The words " if living " clearly relate to the time of the death of Virginia H. Field. Helen Reade Hamersley Stickney never got such indefeasible title to this remainder as would pass it to her executors on her death. She got it subject to the condition subsequent that if she died without issue, the share in question was to go to her brother James Hooker Hamersley, or if he were dead, to his representative issue.

In this construction of the clause itself I am confirmed by an examination of the other provisions of the will which indicate that the testator was dividing his personalty into shares; that these shares were to remain in the different branches of his family among whom he apportioned them; that he treated his children Helen Reade Hamersley and James Hooker Hamersley as one branch or group; that he made other provision for the other branches of the family and that the scheme of the will was to confine the succession of title to this particular fund to the children of James Hooker Hamersley and Helen Reade Hamersley Stickney.

It is urged that the use of the word " share " in the singular in the clause " then such issue in each case shall take *per stirpes* the share which would have gone to their deceased parent (or ancestor) if living " militates against this construction. It would be a strained definition of the word " share " to isolate it thus from its context

and limit it to a reference to one of the two one-eighth shares. Read with its context it reasonably means that portion of the estate " which would have gone to their deceased parent (or ancestor) if living."

This construction disposes of the contention of the executors that this share passed under the residuary clause in the 9th paragraph of the will, which is, moreover, inapplicable.

The executors of decedent's estate claim that irrespective of the ultimate disposition of the fund in question, it must in the first instance be paid to them. They rely on paragraph 12 of the will which provides that upon the termination of the trust the trustee " shall transfer all the funds belonging to such trust to my executors for the time being to the end that they may proceed to distribute such trust fund to the person or persons who in each instance, according to the provisions of this my will, shall be entitled to the same." All interested parties, except these executors, claim that the fund shall be distributed directly by the trustee to the ultimate beneficiaries and the estate thus spared the burden of double transfer and the expense of double commissions necessitated by an initial payment to the executors and a secondary payment by them over to the beneficiaries. That reasonable claim should be allowed if it fairly can be under the terms of the will. These executors are mere passive trustees. They have nothing to do but take and distribute. The attempt to create this passive trust results in the transfer of the legal title directly to the beneficiaries and the executors take nothing. *Matter of Gawne*, 82 App. Div. 374; affd., on opinion below, 176 N. Y. 597; *Matter of Cooney*, 112 App. Div. 659; *Matter of De Rycke*, 99 id. 596; Bogert Trusts, 153–157.

They urge *res adjudicata* against this ruling because on previous accountings when other trust funds fell in, the decree was that payment of the corpus be made to the executors in accordance with this 12th paragraph. Apparently this question was never raised on the previous accountings. There is no contention that all the parties in interest here were parties on the previous accountings or bound by the judgments therein. Certainly the subject-matter was not the same.

Settle decision and judgment on notice.

Ordered accordingly.