BANK OF NEW YORK AND TRUST COMPANY, as Trustee, etc., of JOHN W. HAMERSLEY, Deceased, Plaintiff, *v.* LOUIS GORDON HAMERSLEY and Another, Respondents, Impleaded with SAMUEL N. HINCKLEY, JR., and Another, Defendants, and HARRY H. HAWES and Others, Appellants.

First Department, July 2, 1924.

Executors and administrators — commissions — will provides that on termination of trust, funds should be paid to executors and distributed by them — executors are entitled to fees.

The executors of a will are entitled to fees on moneys received from the trustee of a testamentary trust on the termination thereof, where the will provides that at the termination of the trust the trustee shall account for and pay over all of the funds of the trust to the executors and that they shall distribute the trust funds in accordance with the provisions of the will.

SEPARATE appeals by the defendants, Harry H. Hawes and others, from certain parts of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of February, 1924, upon the decision of the court, rendered after a trial at the New York Special Term, construing the will of John W. Hamersley, deceased, in an action for an accounting.

*Coleridge A. Hart,* for the appellants Hawes and others, as executors, etc.

*Frank S. Moore,* for the appellant James Law Steuart, as administrator, etc.

*Stewart & Shearer* [*George L. Shearer* of counsel; *Harry H. Hoffnagle* and *Ambrose E. Chambers* with him on the brief], for the respondents Louis Gordon Hamersley and another.

*John N. Drake, guardian ad litem,* for the respondent Samuel N. Hinckley, Jr.

SMITH, J.:

The testator bequeathed property to different members of his family and relatives in trust. With the construction of those trusts by the Special Term we are in full accord. (See 121 Misc. Rep. 730.)

Another question arises in this case, and that is, whether at the termination of these trusts the executors have an active trust to perform in taking the property and distributing it as provided in the will. There being no question as to how the property is to be distributed, the contest simmers down to the question of the executors' fees.

Paragraph 12 of the will reads as follows:

"*Twelfth.* It is my will that as and whenever each trust herein created shall terminate, the Trust Company or other Institution acting as Trustee thereof do, as soon as practicable account for and deliver, pass over, pay and transfer all the funds, property, money and securities belonging to such trust to my executors for the time being to the end that they may proceed, and I accordingly direct them to proceed, to distribute such trust funds and property to the person or persons who in each instance according to the provisions of this my Will shall be entitled to the same."

The learned Special Term held that this was a mere passive trust in the executors and that the property passed directly, so that the executors were not entitled to commissions in taking the property and distributing it, as provided in the will. The cases cited do not, I think, bear out this contention. The executors do not become passive holders, but they are to collect the property and then make distribution with full responsibility therefor. If the testator had intended that the property should pass direct to the ultimate beneficiaries, he might easily so have indicated. But we are not at liberty to disregard his express direction that these funds at the termination of the trust shall pass to the executors for the time being and the explicit direction that they were the ones to make distribution under the terms of the will. What prompted this provision is not disclosed. The executors named were all of them relatives of the deceased and it may have been that it was the intention that they should have such compensation as they would derive in fees from receiving and making distribution of these moneys, or it may have been that they should assume the responsibilities of collections from such persons as might be trustees at the termination of the trust and make distribution of the same to those ultimately entitled thereto. Whatever may have been the object of this provision, it is so explicit that I am unable to see how the court is at liberty to disregard the provision and hold

that the property passed at once to the ultimate beneficiaries and that the executors originally named had no office to perform.

In my judgment, therefore, the decree should be modified in accordance with this opinion, and as modified affirmed, with costs to the appellants.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment modified in accordance with opinion, and as so modified affirmed, with costs to appellants.　Settle order on notice.