Per Curiam.

The testator, by will dated February 21, 1889, directed that the residue of his estate be held in trust and the income paid to his widow during her lifetime (except for a monthly payment of $20 to each of three named sisters during their lifetime and which is of no present concern) and, upon her death, to pay and convey the same to his two children, a son John and a daughter Cecelia, and any after-born child or children or the survivor or survivors of them in equal shares. In the event his children predeceased the widow leaving no issue surviving, he gave his trust estate to four named nephews or to ‘ ‘ the survivors or survivor of them then living to be divided between [them] equally share and share alike ”.
By a codicil dated September 16, 1897, testator revoked the outright gift of one half the trust fund or the whole thereof — as the case might be — to his daughter Cecelia and, instead, directed that the same be held in trust and the income payable to her during her lifetime and that, upon her death, to pay and convey the said trust estate to her surviving issue. He reiterated the provision of his will as to the contingency of death of the children before the widow by providing: “ In case my son and daughter both die without leaving lawful issue them or either of them surviving then from and after the death of my wife, I give devise and bequeath all my estate to and among my four nephews ”, whom he named, “ share and share alike and if any of them have died then instead of to the survivor or survivors of them as provided in my will I give the share of the nephew so dying to and among his issue and if he leave no issue then to the survivors of my nephews or their issue the said issue in such event taking a parents share among them.” Thus, he gave thought and attention to the eventual distribution of his trust estate upon the happening of two possible contingencies, namely, if his children survived the widow and left issue and if his children predeceased the widow without leaving issue surviving — neither of which contingencies did happen — and these provisions never became effective. However, the *112 testator neglected and omitted to provide disposition as to what distribution should be made of the trust estate in the event of what actually did happen, namely, that the children survive the widow, that the daughter survive the son and that both die childless. Under such circumstances, we are bound by the language of the will. We may not ascribe by implication an intention on the part of the testator to have his trust estate paid over and conveyed to his named nephews or their survivors in the same manner as if his children had predeceased the widow, leaving no child or children surviving. The proper interpretation is that the will and its codicil resulted in a partial intestacy (see Matter of Englis, 2 N Y 2d 395, revg. 1 A D 2d 870).
The order appealed from should be reversed, with costs to all parties appearing separately and filing separate briefs payable out of the estate, and the matter remitted to the Surrogates ’ Court for further proceedings not inconsistent with this opinion.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Order reversed, etc.