Millard L. Midonick, S.
The court has been presented with a petition requesting approval of a stipulation settling the apportionment of stock and liquidating distributions between principal and income.
The stipulation is fair and reasonable in light of the questions presented and is approved. The only question presented *738 for determination concerns allowance of income commissions on the cash and securities to be transferred to the income account pursuant to the stipulation. All parties agree that the issue presented be determined by the court upon the papers submitted and no hearing has been requested.
The stipulation which was entered into following extensive negotiations among the parties is silent with respect to the allowance of income commissions. The petitioning trustees have submitted an order, however, providing for the allowance of such commissions which is objected to by certain of the respondents.
The respondents take the position that the trustees waived their right to income commissions on the allocation by not including such claim in the stipulation which their attorneys negotiated and prepared. The court does not agree. All the parties agree that the subject of income commissions on the property to be allocated to income was never raised or discussed throughout the negotiations leading to the execution of the stipulation. While all other matters pertaining to the controversy were included in the writing this one item appears to have been passed over. No one connected with the stipulation thought of the problem at the time of the negotiations and the question was not raised until submission of the order. A waiver is an intentional abandonment or relinquishment of a known right. It is essentially a matter of intention. Negligence, oversight or thoughtlessness does not create it. (Alsens Amer. Portland Cement Works v Degnon Contr. Co., 222 NY 34, 37; Gutman v United States Cas. Co., 241 App Div 752.) The failure of the trustees to include a provision for income commissions in the stipulation cannot be held to amount to an intentional waiver of such right. Nor was such oversight so inconsistent with the trustees’ purpose to stand upon their rights as to leave no opportunity for a reasonable inference to the contrary. It appears that in 1967 there was a previous stipulation of settlement with regard to the accounting of a trust under article seventh of the will. That stipulation also concerned allocation of corporate distributions and although nothing was stated therein about the allowance of income commissions, the trustees later sought, and were granted, income commissions upon the allocation without objection. While the respondents state that by executing the agreement they expected to receive the exact property de *739 scribed in the stipulation, none of the respondents request the court to cancel the stipulation upon the ground of mistake.
For the purpose of computing the income commissions the application and order submitted provide for valuation of the securities to be allocated to income as of the date of the entry of the order. This is objected to by respondents. They contend that if the court is of the opinion that the trustees did not waive their right to commissions then the commissions should be computed on the value of the securities as of the time they were first received.
SCPA 2308 (subd 2) provides that a trustee "shall be entitled annually to commissions from the income of the trust upon income collected in each year”. The commissions are based on the trustees’ act of collecting, not on the acts of "receiving and paying” upon which the award of principal commissions is based. The statute provides that a trustee is "entitled annually” to a commission on the amount of the income collected in each year. The commission is annual, i.e., the right to the commission accrues to the trustees at the end of the trust year, is fixed at that time, and is based on the amount of the income collected the prior year. The trustee is entitled to his commission at that time, and the amount to which he is entitled does not vary thereafter.
In Matter of Marvin (135 Misc 899, 903), relied upon by the trustees, this court apportioned a stock dividend between principal and income and determined that the accounting trustee was entitled to commissions on the stock to be paid to the life beneficiary. At the time of that decision in 1929, however, the statute dealing with trustees’ commissions was altogether different from the present statute. (See Surrogate’s Ct Act, § 285.) The commissions of trustees at that time were included in the same code section with those of executors and were based upon receiving and paying out sums of money including income. The adoption of the principle that income collected rather than income received and paid out should be the basis of commissions of trustees came about with the enactment of section 285-a of the Surrogate’s Court Act in 1943 (L 1943, ch 694, § 2). The decision in Matter of Marvin (supra) insofar as it pertains to the question of commissions upon stock allocated between principal and income is no longer controlling in light of the statutory change.
The stock distributions allocated to income were "collected” at the date they were first received by the trustees and will *740 not be deemed "collected” at the time of this court’s order approving the settlement, as maintained by petitioners, or at the date of the stipulation. It was at the time of actual receipt that the stock distributions upon which commissions are sought were collected as income although at that time the parties may have been uncertain as to what portion was income and what was principal. The parties, however, have now agreed and the court concurs in the agreement as to what portion of the stock originally received was income and what was principal. The allocation of the stock dividends relates back to the date of collection and receipt and it is their value at that date which is the measure of the statutory right to income commissions. Due to the fact that uncertainty existed concerning the allocation between principal and income of the stock distributions at the time of receipt, EPTL 11-2.1 (subd [e], par [12]) allowed the trustees to exercise their "duties and powers * * * as though all such shares constituted part of the principal of the trust fund”. This grant of authority to treat the stock distribution "as though” it was part of principal with regard to their duties and powers, however, does not change the actual nature of the distribution upon receipt as finally determined by the court nor provide any new or different rule with regard to commissions. It merely provides a rule of convenience for administering the trust prior to any determination as to the actual nature of the stock distributions. The court is of the opinion that the income commissions to be awarded petitioners on the securities to be distributed to the income beneficiaries should be computed on the value of such securities as of the date they were received by the trustees. The court is of the further opinion that the trustees are not entitled to annual principal commissions computed on property to be distributed to income and any such commissions already taken must be refunded.
SCPA 2308 (subd 3) provides that a trust is entitled to annual additional principal commissions computed "on the value of the principal of. the trust”. The court has no discretion to allow such commissions on stock distributions or liquidating distributions allocable to income. Statutes providing for commissions, being in derogation of the common law, are to be strictly construed (Matter of Teller, 203 Misc 366; Matter of Corning, 160 Misc 434, 435; McKinney’s Cons Laws of NY Book 1, Statutes, § 301).