OPINION OF THE COURT
C. Raymond Radigan, J.
This application by the coexecutor of the estate of Marjorie B. McDonald, for advance receiving commissions, without bond, raises novel questions concerning the application of SCPA 2311.
The decedent Marjorie B. McDonald died on April 24, 1982. Her will dated December 9, 1969 together with two codicils dated June 15, 1975 and May 3, 1979 were duly admitted to probate.
Article “eleven” of the will provides in part: “C. I authorize my Executor to make payments from time to time during the administration of my estate on account of executor’s commissions and counsel fees (without requiring any bond) in advance of the settlement of my Executor’s final account”.
Article “sixteen” provides in part: “A. No bond, surety or other security shall be required of any Executor, Trustee Preliminary Executor or Administrator c.t.a. acting hereunder, any law of any state or jurisdiction to the contrary *835 notwithstanding nor shall any bond be required in connection with the prepayment of any commissions to any Executor or the prepayment of any legal fees.”
The question presented is whether the provision in the decedent’s will relieves the fiduciary of the requirement of filing a bond in the amount of the payment.
SCPA 2311 (subd 5) provides: “The order or decree authorizing the payment on account shall require the fiduciary to file a bond in the amount of the payment securing its return if and to the extent that the payment is disallowed, except that no such bond shall be required where the fiduciary has already filed a bond pursuant to law or is a corporate fiduciary or where all persons whose rights or interests would be affected by the payment are persons under no legal disability and by acknowledged instrument consent to waive a bond.”
SCPA 2311 is derived from section 285-d of the Surrogate’s Court Act. Section 285-d was enacted to permit an ex parte application for the payment of commissions on account, in recognition of the fact that the procedure under section 285-c of the Surrogate’s Court Act (now SCPA 2310) was cumbersome in that it required the issuance of citation to all persons whose rights or interests would be affected and often required the appointment of a guardian ad litem (see First Report of Temporary State Commission on Modernization, Revision and Simplification of the Law of Estates, Report No. 7.IB, NY Legis Doc, 1963, No. 19, p 29).
Section 285-d was therefore an expansion of the preexisting section 285-c (originally § 285-b) which was enacted in 1943. The 1943 law provided that: “In all cases where a payment on account of commissions is directed by the surrogate such payment on account shall not exceed the receiving commissions due the fiduciary and the decree authorizing the payment on account shall require the fiduciary to file a bond securing the return of such payment on account of commissions if the commissions ultimately allowed by a decree on accounting shall be less than the sum so authorized to be paid on account” (Surrogate’s Ct Act, § 285-b, as added by L 1943, ch 500; emphasis supplied).
*836 The commentary following the statute states: “The amendment provides a method under which the fiduciary may obtain a partial payment of the commissions due him in any year and at the same time contains safeguards against the award of commissions to an unfaithful fiduciary or to overpayment of commissions”.
An examination of the statutes which were the precursors to SCPA 2311 indicates that the Legislature has consistently required the fiduciary to furnish a bond to secure any loss to the estate as a result of the payment of commissions on account. The statute specifically limits exceptions to the situations where (1) the fiduciary has already filed a bond pursuant to law, (2) the fiduciary is a corporate fiduciary, and (3) all interested persons consent to waive a bond. No other exceptions are set forth in the statute.
There is a constitutional obligation that the courts determine the expressed will of the Legislature and such legislative intent must be first sought in the language of the statute under consideration. Where the terms of the statute are plain and unambiguous the statute must be construed in accordance with its expressed terms (Drelich v Kenlyn Homes, 86 AD2d 648).
Here, the statute sets forth a general rule for the filing of a bond as a prerequisite for the payment of commissions on account with three exceptions to the rule. A well-known rule of statutory construction is that the presence of an express exception precludes the creation of additional exceptions (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240). That which is not embraced within the exception must be deemed to be within the scope of the principal provision (Strauch v Town of Oyster Bay, 263 App Div 833; Zumbo v Town of Farmington, 60 AD2d 350).
Therefore, the omission in the statute of an exception that the will may provide otherwise indicates a legislative intent to enforce the requirement in that situation. Had the Legislature intended to incorporate an additional exception it could easily have done so when it made the other exceptions (see Matter of Deth v Castimore, 245 App Div 156) by incorporating the phrase “unless the will provides *837 otherwise” as it did in SCPA 806 (bond of trustee or executor acting as trustee) and SCPA 807 (bond of legal life tenant). Additionally, statutes providing for commissions for services of an executor are in derogation of the common law and are to be strictly construed (Matter of Teller, 203 Misc 366).
Whether or not the inclusion of such an exception is reasonable or even advisable, is not a question for this court. The wisdom of a statute is not subject to judicial review. A statute must be read and given effect in accordance with legislative intent and not as the court thinks it should have been written (Allen v Minskoff, 38 NY2d 506).
The court is forwarding a copy of this decision to the Surrogates’ Law Association for the purposes of preparing a report and recommendations for the Surrogates’ Law Association to review and possibly make recommendation to the Legislature.
Accordingly, the application for advance payment of commissions in the amount of $43,000 is granted on the condition that the fiduciary file a bond in the amount of the payment with the costs of this application to be borne solely by the petitioner.