■ In the Matter of the Estate of CLARA JAYNE, Deceased. MILDRED PATTON, as Administratrix of the Estate of CLARA JAYNE, Deceased, Appellant; ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. — Appeal from a supplemental decree of the Surrogate's Court of Tioga County (Siedlecki, S.), entered February 2, 1982, which found that decedent died without heirs and with a lapsed disposition of her residuary estate, thereby causing her residuary estate to revert by escheat to the State of New York. On November 25, 1977, decedent Clara Jayne died leaving a will which, aside from a specific bequest, left all of her property to her husband, who was also appointed as executor of her estate. Her husband had predeceased her on June 16, 1977, however, with the result that letters of administration c.t.a. with regard to her estate were issued to Mildred Patton, her deceased husband's niece. Subsequently, on October 2, 1981, Mildred Patton petitioned the Tioga County Surrogate's Court for a grant of full and complete letters of administration to herself, for approval of the sale of the principal asset of the estate, a parcel of real property, and for approval of the final distribution of the assets of the estate to the heirs of decedent's late husband. These requests were made because the principal beneficiary of decedent's estate, her husband, had predeceased her and because no heirs at law of decedent could be located. For the same reasons, the Surrogate directed that a citation be issued to the Attorney-General of the State of New York because, under the circumstances presented, there was a question of a possible escheat to the State. With these circumstances prevailing on November 20, 1981, the Surrogate issued a decree granting full and complete letters of administration c.t.a. to Mildred Patton and authorizing the sale of the parcel of real property in question, but denying the request for approval of the final distribution of the assets of the estate. Thereafter, on January 11, 1982, the Attorney-General executed a consent to judicial settlement wherein he consented to the distribution of the assets of the estate as requested in Mildred Patton's petition. Ultimately, on February 2, 1982, however, the Surrogate issued a supplemental decree in which he again denied the requested distribution. Instead he concluded that the bulk of the assets of the estate should revert by escheat to the State due to a lapsed disposition of decedent's residuary estate caused by the earlier death of her husband. He further decreed that only an authorized agent of the State could effectively execute a renunciation, waiver and/or any release of the State's claim of right, title and interest in decedent's estate. Petitioner Mildred Patton now appeals. We hold that the challenged decree should be affirmed and, in so ruling, find without merit petitioner's contention that the principal assets of decedent's estate should be distributed to her, as heir of decedent's late husband, based upon the presumed testamentary intent of decedent or, alternatively, by application of the doctrine of dependent relative revocation. The language of the will is clear and unambiguous, and aside from a specific bequest, decedent left all of her property to her husband, who ultimately predeceased her, with no provision for a contingent beneficiary. Given this situation, we are bound by the language of the will even though it results in a partial intestacy, and the argument based upon decedent's alleged presumed testamentary intent must fail (*Matter of Slater*, 3 NY2d 109; *Matter of Bisconti*, 306 NY 442). Similarly, since petitioner offers no proof beyond mere speculation that decedent did not dispose of her property as she wished to do so, the dependent relative revocation argument is unpersuasive (see *Matter of Ma-*

*comber,* 274 App Div 724). Lastly, the Surrogate did not err when he declined to give effect to the consent to judicial settlement executed by the Attorney-General. The Commissioner of General Services rather than the Attorney-General is the party authorized to consent to such a settlement (see Public Lands Law, § 33, subd 4; Abandoned Property Law, § 208, subd 1; see, also, *Matter of Hammond,* 3 NY2d 567), and at any rate, the ultimate power to determine whether a settlement should be approved is vested in the court (*Matter of Kearns,* 38 AD2d 808). Decree affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.