OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this proceeding to judicially settle the accounts of the executor, the sole beneficiary of the estate, Emma Durfee, *88 objectant, has filed objections to the account. The objections are threefold: (1) the accounting party should not be entitled to continuing commissions after completing its services as executor; (2) the accounting party should not have paid itself a sum of money for preparation of decedent’s final income tax return — this objection has been withdrawn; (3) the accounting party has disregarded a contract under which it has agreed to specific commissions at a reduced rate.
The nature of the objection enumerated (1) involves the fact that the accounting submitted by petitioner accounts for the period from August 29, 1984 to October 6, 1986. The objectant avers that presumably having accounted to October 6, 1986, the executor’s services were completed on that date and it is improper for it to charge additional fees on the income earned from the date of the accounting to the return date of the citation which commences the proceeding in March of 1987 some five months later. While it is conceded that there is no statutory time during which the accounting must take place, it is argued that public policy encourages the timely settlement of estates and timely accounting by accounting parties. The objectant argues further that to permit additional commissions for the "waiting period” between the time of the accounting period and the court date places the institution in a position where it simply can hang on to funds and increase its compensation.
FACTS
Florence C. Boddy died April 16, 1984, her will dated June 13, 1967 was duly admitted to probate in this court and Chase Lincoln First Bank, N. A. was appointed executor on September 4, 1984. From then until January 16, 1985, Chase Lincoln as executor performed its duties in accordance with the law, marshaling assets, paying legacies and filing tax returns. In April 1986, the Internal Revenue Service audited the Federal estate tax return and a final closing letter was obtained on July 18, 1986. An amended order fixing New York State estate tax based upon the Federal adjustment was signed by this court on July 29, 1986. Chase Lincoln then prepared the present accounting and signed it on October 6, 1986. The account as filed computes the executor’s commissions on the assets as shown and further states, "an executor’s income commission will continue to be computed and collected at the rate of 3% on all income received from the date of the accounting to the date of the decree.”
*89 A fiduciary’s right to compensation is a creature of statute. (Matter of Jadwin, 58 Misc 2d 809.) At common law, fiduciaries provided services without such compensation. (Matter of Smathers, 309 NY 487.) It was an honor to serve and no one expected to be compensated. Courts have therefore strictly construed statutes providing for fiduciary compensation. (Matter of McDonald, 116 Misc 2d 834; Matter of Stillman, 82 Misc 2d 736.) Nevertheless, unless a fiduciary has been delinquent in carrying out his or her responsibilities, courts have adhered to the statutory allowances. (Matter of Bernstein, 94 Misc 2d 898.)
As indicated by former New York County Surrogate Samuel Di Falco in Matter of Tucker (75 Misc 2d 318) the court has the inherent discretion to scrutinize the services performed for the commissions charged. Fiduciary commissions cannot be a bonus or a gratuity. Commissions cannot be awarded to an executor or a trustee who has not performed any duties. (Bank of N. Y. & Trust Co. v Hamersley, 210 App Div 57, affd 240 NY 558.) Executor’s commissions accrue at the time of judicial settlement of the accounts and must be allowed by the Surrogate where reasonable. (Matter of Maurice, 74 AD2d 906.)
In the instant application, it does not appear to this court that an unreasonably lengthy period of time has elapsed between the date of the end of the accounting period and its submission to the court.
This court, however, does not view favorably the request for commissions beyond the date of the decree which settles the accounts. SCPA 2307 (1) states that the court "must allow to the fiduciary * * * commissions [at specified rates of payment] * * * [f]or receiving and paying out [certain sums of money and other property of the estate]”. (Matter of Jadwin, 58 Misc 2d 809, supra.) However, the petitioner in this proceeding is asking for an open-ended order for continuing commissions on unascertained interest income to be paid at a future date. There is nothing in the statute that provides for the payment of future commissions on unknown amounts of interest income. Allan R. Lipman in the Practice Commentary (McKinney’s Cons Laws of NY, Book 58A, SCPA 2307, at 368) states "[c]ommissions continue to be based on the concept of 'receiving and paying out’. The amounts received should be determined and one-half of the applicable percentage applied, and the amounts paid out should be determined and the same *90 percentage applied to it.” (Emphasis added.) Commissions can and will be granted on the amounts set forth in the petition. Accordingly, the court denies executor’s request to charge income commissions beyond the date of the decree settling the accounts. Such denial is without prejudice to a further application for good cause shown. Such postdecree commissions will not be allowed except for reasonable and unavoidable delays in distribution.
The remaining objection at issue (3) involves the interpretation and impact of language in the original trust agreement of November 19, 1981 under which the decedent as settlor and the accounting party as trustee entered into an agreement to perform services on behalf of the settlor’s estate with respect to trust estate assets on a contractual basis. Objectant submits that the accounting party has disregarded its agreement to charge other than the statutory commission with respect to those trust assets. The article in question from the trust agreement provides as follows: "In addition to the foregoing it is probable that upon the death of the settlor, trustee will be called upon to perform services on behalf of settlor’s estate with respect to the trust estate as then funded substantially comparable to those performed by an executor. In such event, therefore, trustee shall be entitled to a fee which in its sole judgment will reasonably compensate it for additional services performed not exceeding, in any event, an amount equal to one percent of the market value of the trust estate immediately preceding settlor’s death. Such fee shall be paid from the trust estate and may be taken without judicial authorization at such time or times as trustee in its discretion may determine.”
The petitioning accounting party submits that the trust agreement provided for "additional compensation” to the trustee in the event the assets of the trustee did not pour over into the estate but had to be administered separately.
Initially, it is observed that a fiduciary may accept less than statutory commissions by agreement and will be bound by that agreement. (Matter of Hodgman, 140 NY 421; Matter of Schinasi, 208 Misc 1056.) Thus as between the respective positions of the parties the court is confronted with a classic construction problem to determine the testator’s intent as expressed in the agreement. The court must look to the plain language of the trust, if possible, to determine the settlor’s intent. (Matter of Fabbri, 2 NY2d 236.) A review of the language in question leads the court to the determination that *91 the decedent intended and the bank agreed to limit the commissions with respect to funds in the trust and the court finds that the executor and trustee who are one and the same are bound by the agreement to a 1% executor’s commission on all assets in the estate that have come from the trust. This interpretation does not affect ordinary executor’s commissions on the estate assets other than those received from the trust. The language of the agreement is clear in that the "trustee would be called upon to perform services on behalf of settlor’s estate with respect to the trust estate” (emphasis added). This agreement and the trust dated November 19, 1981 was entered into when the decedent was 89 years of age. Her will naming the same corporate fiduciary executor was executed on June 13, 1967. The bank and its attorneys are charged with knowledge and existence of the language of the will naming the bank as executor. The court finds the meaning of article seventh in the trust as clear and unambiguous. The court makes this finding mindful that the result causes two different commissions to be paid out on the basis of the source of the commissionable assets. To hold otherwise would require a finding that this decedent intended to " 'expose her estate to the payment of [a] double commission * * * [f]or acting as a conduit’ ”. (Matter of Buccola, 133 Misc 2d 511, 514.)
In summary the court holds that (1) the petitioner is entitled to a 1% executor’s commission on all estate assets resulting from a pouring over from the trust established by Mrs. Boddy as agreed upon between the petitioner and the decedent; (2) executor’s commissions on the remaining assets are computed statutorily up to and including the date of the decree settling the accounts. The court notes that the return date in court of March 10, 1987 was adjourned by consent until April 16, 1987. That date, absent objections, would be the date of the decree and in order that the objectant opposing the accounting is not penalized by her action, the court determines in this instance commissions shall be due and payable to April 16, 1987. Should the final signing of the decree and/or subsequent delay be caused by a bad-faith objection or other unavoidable circumstances, upon application, additional commissions may be granted.
Therefore, the court determines that commissions be charged against the amounts set forth in the accounting as of April 16, 1987 (3) continuing commissions beyond that date are denied.