■ Jackson & Nash LLP, Appellant, v E. Timothy Mc-Auliffe PLLC et al., Respondents. (And a Third-Party Action.) [915 NYS2d 40]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 15, 2008, which granted the motion of the individual defendant (McAuliffe) for summary judgment dismissing that portion of the complaint that sought an accounting and recovery of commissions he received as coexecutor of an estate, and denied plaintiff's cross motion for partial summary judgment on its claims sounding in, inter alia, breach of contract, breach of fiduciary duty and unjust enrichment for damages for alleged unbilled time for the period July 1 through August 14, 2003, affirmed, with costs.

A client of McAuliffe died in April 2003 while he was a partner at plaintiff firm. Her will named McAuliffe coexecutor, and McAuliffe received preliminary letters testamentary in May 2003. He continued to carry out his duties as executor after he left the firm on August 14, 2003. In November 2003, he received letters testamentary; in December 2005, the estate was settled by agreement. McAuliffe received an executor's commission (*see* SCPA 2307) in December 2005.

The firm partnership agreement provided that "commissions payable to a Partner for acting as an executor . . . shall belong to the Firm." However, since the Surrogate's Court Procedure Act provides that compensation for the administration of an estate "shall be payable in such proportions and upon such accounting *as shall be fixed by the court settling the account of the person holding successive or different letters*" (SCPA 2307 [5]

[b] [emphasis added]), no commission was "payable" until December 2005 (*see Matter of Maurice*, 74 AD2d 906 [1980], *appeal dismissed* 50 NY2d 1059 [1980]; *Matter of Boddy*, 136 Misc 2d 87, 89 [1987]), and at that time McAuliffe was no longer a partner of the firm. Had the partnership agreement used another term, such as "earned," there might be an issue of fact precluding summary judgment, but the agreement specifically uses the same word "payable" that the SCPA uses.

Plaintiff submitted no evidence of McAuliffe's work product during the summer of 2003 before he left the firm, and, contrary to its contention, the telephone records it submitted do not conclusively demonstrate that during that time McAuliffe performed billable work and failed to record the billable hours. Concur—Saxe, J.P., Freedman and Abdus-Salaam, JJ.

Nardelli and McGuire, JJ., dissent in part in a memorandum by McGuire, J., as follows: It may well be that under the Surrogate's Court Procedure Act the executor's commission paid to McAuliffe was not "payable" to him until after he left the law firm. But nothing in paragraph 8.5 (b), the relevant provision of the partnership agreement, requires the conclusion that the parties to the agreement intended the meaning of the word "payable" to be determined in accordance with the Surrogate's Court Procedure Act. The word is used in other provisions of the agreement having nothing to do with such commissions, and those provisions similarly do not require the conclusion that a sum of money is "payable" only when there is an unqualified legal entitlement to the receipt of the entire sum. An agreement, moreover, should be construed in a commercially reasonable fashion (*Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170 [2003]). Under Supreme Court's reading of the word "payable," however, the firm would have no claim for even a penny if a partner worked on firm time for hundreds of hours marshaling the assets of an estate and then left the firm days before his commission was "payable" under the Surrogate's Court Procedure Act. Because the word "payable" in the agreement is ambiguous, Supreme Court should have denied McAuliffe's motion for summary judgment dismissing the complaint to the extent it seeks an accounting and recovery of the commission. I agree with the majority that Supreme Court correctly denied the law firm's cross motion for partial summary judgment.