John D. Bennett, S.
This is an application brought pursuant to section 141 of the Surrogate’s Court Act, to take the testimony of subscribing witnesses and “ to examine and make copies of the hospital records of Meadowbrook Hospital insofar as the same pertain to the decedent The applicant is a legatee named in two prior wills of the decedent. The propounded instrument is a deathbed will, signed with a cross, in which will the applicant is not mentioned.
The propounded instrument was admitted to probate on February 11,1957. However pursuant to an order of this court dated February 8, 1957 which directed the Valley Stream National Bank & Trust Co., if any will or codicil be found, “ to deposit the same in this court ’ ’, the decedent’s safe-deposit box was opened on February 13, 1957. Two prior wills were there discovered, both of which were ‘ ‘ deposited ’ ’ with the court.
The proponent now urges that this “ deposit ” did not constitute ‘ ‘ a filing ’ ’ within the meaning of section 140 of the Surrogate’s Court Act, so that the present applicant is not one of the persons who “ must be cited ” pursuant to the requirements of section 140. The proponent therefore urges that as the applicant has no status here the motion must be denied.
The difficulty with the proponent’s position is that by his own affirmative act he has made unnecessary the determination of the propositions he urges since he has made the applicant a party.
On March 7,1957 an order was issued by this court addressed to the applicant and the executor named in the prior wills, to show cause why the decree granting probate should not be ratified and confirmed and ordering that citations issue. Such citations were issued and served. The applicant was thereby made a party in the probate proceeding. It is significant that the affidavit of the proponent in support of the application for the order to show cause states: “ That although this last mentioned paper writing, dated September 28, 1955, was canceled and revoked by the will admitted to probate, the fact that it comes into the hands of the Surrogate and becomes a paper filed in the Surrogate’s office, deponent has been advised by his attorney that it is necessary to give notice to the said Florence Moxon above referred to, so that the said Florence Moxon may have an opportunity, and her day in Court, to take such steps as she may be advised to be proper in relation thereto.” (Italics supplied.)
An opportunity to avail herself of the provisions of section 141 is certainly such an “ opportunity” which the proponent himself has stated she should be entitled to.
*939 Section 141 provides: “ Any party to the proceeding, before or after filing objections to the probate of said will, may request the oral examination of the subscribing witnesses thereto and may examine any or all of the subscribing witnesses and any other witness produced by the proponent before the surrogate.” So much of the application as seeks an examination of the subscribing witnesses is granted.
No objections have been filed. The question therefore remains whether at this time section 141 would permit an examination of hospital records. Such an examination would be appropriate only if made pursuant to section 288 et seg. of the Civil Practice Act, since the proponent has not produced the hospital as his witness. At this time that portion of the motion is denied without prejudice to renewal if properly made. See Matter of Carll (201 Misc. 829, 834-835) where the court said: “In Matter of Felenstein (144 Misc. 345) the court in discussing this section, said at page 346, ‘ The words “ produced by the proponent ” apply only to a witness who is not a subscribing witness. * * * The section properly limits the right of examination of such witnesses to those produced by the proponent. Thereby it prevents unnecessary harassment of the proponent or delay by the contestant.’ The proponent in this proceeding has not produced ‘ any other witness,’ nor is she willing to do so; and the examination of the proponent and the three witnesses, who are all nonsubscribing witnesses, cannot be directed under this section (Matter of Briggs, 180 App. Div. 843, 845; Matter of Hirsch, 133 Misc. 599, 600). The examination sought by the widow under section 288 of the Civil Practice Act, in advance of the service of her answer is premature, and is not necessary to enable her to file objections. Until service of such answer and objections, and issue joined, the widow cannot be said to be a contestant (cf. Union Trust Co. of Rochester v. Conway, 238 App. Div. 764; Mackay, Lovell & Co., v. Dillon, 215 App. Div. 842, and Kardonsky v. Tozzi, 217 App. Div. 753).”
See, also, Matter of Altschul (142 N. Y. S. 2d 484, 486-487) as to the scope of the examination here permitted. There the Surrogate said: “ Several objections made by proponent are on the ground that contestants seek information not properly the subject of examination under Surrogate’s Court Act, § 141, and concerning persons not referred to by him on the direct examination. Those objections may be disposed of by a statement of the rule which has been generally followed on such examinations. The contestants may examine * All the subscribing witnesses and any other witness produced by the proponent *940 before the Surrogate,’ and they are entitled to a full inquiry of all the relevant facts and circumstances known to such witnesses with respect to the preparation, execution and validity of decedent’s-propounded instrument ” (citing cases).
Submit order on notice.