*946 OPINION OF THE COURT
Ernest L. Signorelli, S.
In this uncontested executors’ accounting proceeding, the petitioners request that the court approve, nunc pro tunc, the following payments which were made without leave of court: (1) the sum of $496,000 as and for commissions received during the period October 28, 1983 to May 6, 1985, and (2) the sum of $30,000 in satisfaction of a claim by the attorney-fiduciary against the estate for professional services rendered to the decedent during his lifetime.
Jurisdiction has been obtained over the necessary parties to the proceeding and no one has appeared in opposition to the relief sought by the petitioners.
In support of the first item of relief requested, the fiduciaries contend that the powers granted to them in article 10th (F) of the decedent’s will authorize the payment of the commissions which they made to themselves, without interest and without leave of court. Article 10th (F) of the decedent’s will states as follows: ”1 authorize Chase Manhattan Bank (National Association) and my individual executors to make payments to themselves from time to time on account of any part or all of their respective commissions as Executors hereunder without court order and without paying interest on such payments.”
The provisions of SCPA 2310 establish a specific mechanism by which a fiduciary may make a payment to himself on account of commissions. This statute reads, in pertinent part, as follows: "1. At any time during the administration of an estate and irrespective of the pendency of a particular proceeding a fiduciary may present to the court from which his letters issued a petition praying that he be permitted to receive a sum on account of the commissions to which he would be entitled if he were then filing his account and it were judicially settled, which must show the facts upon which the application is founded.”
Without exception, the statute mandates that prior court approval shall first be procured. Consequently, the issue to be resolved by the court is whether article 10th (F) of the decedent’s will relieves the fiduciaries of this statutory requirement. In making this determination, the court is obligated to ascertain whether the Legislature intended the statutory requirement to apply where the will of a decedent provides otherwise.
*947 Where the language of a statute is plain and unambiguous, it is the duty of the court to enforce it in accordance with its express provisions. (Matter of McDonald, 116 Misc 2d 834 [1982].) Hence, it is not the function of the courts "to conjecture about or to add to or to subtract from [the] words [of a statute which have] a definite meaning, or [for that matter] to engraft exceptions [into a statute] where none exist”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) Indeed, one may presume that had the Legislature intended to create an exception to a statute’s dictates, it would have done so in express terms. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, 213.)
The Legislature, via the language of SCPA 2310, has established specific guidelines governing the advance payment of commissions to a fiduciary. Had the Legislature intended that a decedent, through his will, could obviate the necessity of procuring prior court approval, it would have done so by simply incorporating the phrase "unless the will provides otherwise.” Parenthetically, SCPA 2111 (2) provides that "[a]n attorney who is a fiduciary may take advances on account of compensation for legal services rendered to the estate, without application to the court * * * if the instrument under which the attorney is acting permits him to take such payments on account in advance of the settlement of the account. ” (Emphasis supplied.) Accordingly, the directives of the statute shall be adhered to notwithstanding the terms of the decedent’s will.
To ignore the restrictions against unauthorized payments of commissions is to invite a surcharge. Nevertheless, in this particular instance, the court is dissuaded from imposing a sanction upon the fiduciaries, in view of what appears to have been their good-faith reliance upon the provisions of the decedent’s will, which authorized the payments which they made to themselves herein without leave of court. Therefore, the petitioner’s application for approval, nunc pro tunc, of the advance payment of commissions is, hereby, granted.
Accordingly, in the absence of opposition by the parties interested in the proceeding, the court, in its discretion, grants the petitioners’ request for approval, nunc pro tunc, of the advance payment of commissions, without the imposition of a surcharge.
In support of the balance of the relief requested by the petitioners, the attorney-fiduciary has submitted an affidavit to the court which indicates that the law firm, of which he is a *948 partner, performed professional services for the deceased, approximately one year prior to his death, during the period 1980 through the beginning of 1982. Inasmuch as these services were performed without a retainer agreement between the parties, the value of counsel’s labors must be determined on a quantum meruit basis. (See, 27 Carmody-Wait 2d, NY Prac § 159:34; Estate of Goldman, NYLJ, Feb. 6, 1979, at 13, col 2.) In this regard, the court notes, at the outset, that counsel’s claim is based upon approximately 200 hours of time expended, at the rate of $125 per hour. However, while the time spent is the logical starting point in analyzing an application for counsel fees (Matter of Chandler, NYLJ, Mar. 29, 1978, at 16, col 3; Matter of Kentana, 170 Misc 663), it is the least important part of the calculus in assessing the reasonableness of the sum requested. Indeed, in the court’s opinion, more significant to its determination are such factors as the difficulties involved in the matter, the nature of the services rendered, the amount involved, the professional standing of counsel and the results obtained. (Matter of Freeman, 34 NY2d 1 [1974]; Matter of Potts, 123 Misc 346, affd 213 App Div 59, affd 241 NY 510 [1925].)
A review of the description of services rendered by counsel reveals that the work which he and members of his firm performed was primarily devoted to the development of an estate plan for the decedent which would best accommodate his desire to minimize estate taxes and preserve the longevity of his family name. To this extent, counsel engaged in numerous conferences and telephone conversations with the deceased, together with research of the pertinent provisions of the tax law, for the purpose of ultimately preparing the necessary documentation for the formation and funding of a charitable foundation in accordance with the rules and regulations of the Internal Revenue Code. However, due to a change of heart, the decedent never signed said documents, and an alternate estate plan had to be formulated by counsel. Eventually, after further discussion between the parties, and the preparation of several drafts, a will was executed by the decedent encompassing his estate planning objectives.
Counsel’s efforts resulted in a substantial tax savings to the decedent’s estate, which estate amounted at death to approximately $8,000,000, and required considerable expertise in very technical areas of the Internal Revenue Code. In view thereof, and upon due consideration of the criteria enunciated by the courts in Matter of Freeman (supra) and Matter of Potts *949 (supra), the court fixes and allows counsel’s claim, nunc pro tunc, in the full sum requested.
Nevertheless, it is clear that a fiduciary is not authorized to make any payment to himself on account of a personal claim against the estate without receiving prior court approval. (SCPA 1805.) In the court’s opinion, counsel’s failure to comply with this requirement warrants the imposition of a surcharge. The attorney-fiduciary is, therefore, surcharged in an amount equal to 9% per annum of the advance payment received computed from April 6, 1983 to the date of the decree to be entered herein, unless sooner paid to the estate.