OPINION OF THE COURT
C. Raymond Radigan, J.
This application is made by Maureen Markey, 1 of 4 equal distributees and residuary legatees, all nieces of the decedent, to compel disclosure of all prior wills and instructions pursuant to an examination of attesting witnesses as provided by SCPA 1404 (4). The issue of this application is the refusal of *967 Mr. Gerald Egan, attorney-draftsman as well as attesting witness to the propounded instrument, to provide the applicant with these materials. Mr. Egan’s refusal is grounded in the presence in the instrument of an in terrorem clause, which would revoke all benefit from a contesting legatee. Mr. Egan acknowledges that EPTL 3-3.5 (b) (3) (D) permits a preliminary SCPA 1404 examination without triggering the in terrorem clause, but he interprets the scope of the thus exempt SCPA 1404 to be strictly limited to matters related to the propounded instrument itself. He contends that the applicant’s request falls outside this strict limitation and, in actuality, constitutes an attempt by her to tentatively contest the propounded instrument while camouflaged and thereby protected by SCPA 1404 from the in terrorem penalty. The applicant, on the other hand, notes circumstances surrounding the execution of the propounded instrument as possibly indicative of undue influence by Mr. Egan and other legatees. It is her position that such influence may be illuminated by inspection of prior wills and instructions, and is, therefore, legitimate ground for inquiry under SCPA 1404.
SCPA 1404 (4) sets forth the permissible scope of the examination: "The attesting witnesses may be examined as to all relevant matters which may be the basis of objections to the probate of the propounded instrument.” The 1974 McKinney’s Practice Commentary to section 1404 notes that some confusion resulted from the above-cited provision, which was added to the predecessor statute, section 141 of the Surrogate’s Court Act. The commentary explains: "The witnesses may now be examined as to testamentary capacity, undue influence and fraud, and inasmuch as these issues would extend to facts and transactions occurring over a period prior to the execution of the will, this area of inquiry would be open on the examination under 1404.” (Powers, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA, 1988 Pocket Part, at 56.)
It is apparent then that normally Ms. Markey would be entitled to relatively broad latitude in her SCPA 1404 examination of Mr. Egan. The presence of an in terrorem clause, however, complicates matters. Mr. Egan has a genuine concern that excessively liberal disclosure under SCPA 1404 could frustrate the decedent’s proper testamentary scheme by allowing the applicant to, in essence, assemble and assess a full will contest without risking the penalties imposed by the clause.
The purpose of an in terrorem clause is laudable: to quickly *968 and smoothly settle the decedent’s estate, without fractious haggling and litigation, and without wasting the estate’s assets. For precisely this reason SCPA 1404, which permits examination (and related discovery) of all matters relevant to potential objections, should be read to require production of decedent’s prior wills and instructions as relevant to a potential objection of undue influence. Without reviewing the actual merits of such an objection, the facts in the instant case, as they are apparent in this early stage, show a decedent seriously ill at least a short time before the execution of the propounded instrument. Her environment was emotionally turbulent. A potential objection of undue influence cannot, therefore, be said to be utterly groundless, and should not be prematurely foreclosed.
The in terrorem clause also serves as an effective self-regulating device. There is little chance that the applicant, or any other potential objectant, will follow a broad SCPA 1404 examination with wasteful and divisive litigation unless she is quite certain of success because an uncertain will contest risks total forfeiture of her one-quarter share.
If, on the other hand, the applicant, following broad SCPA 1404 disclosure, is sufficiently confident of success to proceed with a full contest despite the risk, then we must assume that there exists substantial proof of a genuine objection. Public policy, and in fact the testator’s own interests, would require the rejection of an instrument procured through undue influence. It would seem harsh to place the onus of socially desirable verification of a propounded will singularly upon the applicant while simultaneously coercing her assent to it with the threat of forfeiture. SCPA 1404 should permit preliminary investigation into the instrument’s underlying validity.
Mr. Egan cites several cases in support of his argument that courts have seen fit to order production of prior wills only where an "exceptional situation” exists. In Matter of Beeman (221 App Div 129 [1927]), the Fourth Department found error in the refusal of the Niagara County Surrogate’s Court to order production of three prior wills for a preliminary (Surrogate’s Ct Act § 141) examination. "The statute should be liberally construed to the end that interested parties can have full examination of subscribing witnesses and inspection of prior wills, which it is claimed were practically like the will in question.” (Supra, at 132.) The court proceeded to emphasize the importance of liberal construction owing to the unusual facts of the case, not, as suggested, to condition liberal con *969 struction upon the existence of an exceptional situation. Moreover, this case was decided well before Surrogate’s Court Act § 141 was revised and the sentence concerning the permissible scope was added to the present section.
In addition, while the burden on Mr. Egan to produce the documents is effectively minimal, the hardship resulting from denial of inspection may go beyond the applicant’s personal interest to a possible probate of an instrument procured, arguendo, by undue influence. If Ms. Markey is precluded from investigating at this point, it is unlikely that the probate will be further challenged. On the other hand, if Mr. Egan is ordered to produce the materials, the self-regulating operation of the in terrorem clause, as discussed above, will likely act to rule out all but those contests having real merit. In this case, the respective aims of the in terrorem clause and SCPA 1404, namely, the prevention of destructive, fruitless litigation, are in complete concert, and require that the requested materials be produced.
Since the prior instruments may have a bearing on the testamentary scheme, they should be produced subject to the court making a ruling during the course of the SCPA 1404 examination regarding possible remoteness under "3-2” year rule (Uniform Rules for Trial Cts, 22 NYCRR 207.27). The application is granted subject to the conditions set forth above.