■ In the Matter of the Estate of EDITH M. DELISLE, Deceased. OMER L. DELISLE et al., Appellants; WALLACE HOIT et al., Respondents.—Mercure, J. Appeal from an order of the Surrogate's Court of Franklin County (Garvey, S.), entered July 26, 1988, which, *inter alia,* granted respondents' motion to compel discovery and require petitioners to file decedent's prior wills.

Petitioners, Omer L. Delisle and Paul Delisle, executors named in the April 28, 1983 will of Edith M. Delisle, deceased, filed a petition for probate in Surrogate's Court. The attesting witnesses to the will were Thomas La Rocque, an attorney, and Frances Raville. In connection with examination of the witnesses pursuant to SCPA 1404 (4), respondents, who are potential contestants to the proposed will, sought discovery, *inter alia,* of copies of all correspondence, memoranda or notes between petitioners and the attesting witnesses or La Rocque's law firm; all billings, expenses and receipts by La Rocque or his law firm with respect to decedent; any lists of prospective heirs or other memoranda in any way reflecting decedent's estate plan; copies of decedent's Federal and New York income and gift tax returns; checking account ledgers, canceled checks, and other bank books; safe deposit box inventories and records of advancements made by decedent; and copies of all correspondence relating to stock transfers. In all cases the demand was limited in time to the period commencing in 1981.

Upon petitioners' refusal to disclose the material, respondents moved to compel its disclosure and, in addition, to compel petitioners to file original wills executed by decedent on January 22, 1981 and October 14, 1981, together with the affidavits of attesting witnesses thereto. Petitioners cross-moved for an order of protection. Surrogate's Court granted the motion in its entirety and denied the cross motion. Petitioners appeal, contending that the discovery demand was overbroad and beyond the scope of SCPA 1404 (4).

We affirm. In our view, Surrogate's Court acted within the scope of its broad discretion in directing disclosure of the demanded material *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1045; *Maggio v State of New York,* 88 AD2d 1087, 1088). SCPA 1404 (4) permits inquiry as to "all relevant matters which may be the basis of objections to the probate of the propounded instrument". Here, respondents contend that the propounded will represents a dramatic deviation from decedent's earlier pattern of advancements and the testamentary dispositions made in prior wills, spurning respondents and giving rise to a reasonable suspicion of lack of testamentary capacity, fraud, duress or undue influence. Contrary to petitioners' assertion, we believe that decedent's financial affairs and her dealings with the new objects of her bounty and the preparers of and witnesses to the propounded will for a limited period of time prior to her death are

relevant to these claims *(see, Matter of Schneier,* 50 AD2d 715 [No. 13]; *Matter of Muller,* 138 Misc 2d 966).

Order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.