OPINION OF THE COURT
John B. Riordan, J.
This is a motion by the proponent of the will for a protective order (CPLR 3103) denying the potential objectants’ demands *317 for the production by the estate of medical authorizations on the grounds that the demand is inappropriate and unauthorized at the present stage of the proceeding. The will is dated November 25, 2003.
Abraham Ettinger died on February 28, 2004, a widower with no children. He was survived by his sisters, Libby and Anna, and the three children of his predeceased sister, Sara: William, Marvin and Sheila. Petitioner, Bernice Schmier, a niece by marriage, is the nominated executrix and the sole residuary beneficiary under the propounded instrument. The probate proceeding was commenced on May 17, 2004. On June 23, 2004, the return date of citation, an examination of the attesting witnesses under SCPA 1404 was set for August 20, 2004. On July 7, 2004, counsel for two of the potential objectants, Anna and Libby, served interrogatories and a notice to produce documents upon counsel for the proponent (CPLR 3120, 3130). Among the items requested in the document demand were any and all medical records and invoices for medical services rendered to the decedent. Among the items requested in the interrogatories were the names and addresses of all home health care aides, treating physicians and hospitals for the decedent from August 1, 2003 until his passing. Counsel for the proponent declines to have his client provide answers to the interrogatories citing SCPA 1404 (4) but did provide some documents. After writing to proponent’s counsel and not receiving a response, counsel to these two potential objectants moved the court for compliance in a motion dated August 3, 2004 and returnable August 18, 2004.
On or about July 21, 2004, potential objectant Sheila served her first demand to produce documents upon counsel for the proponent. Among the items demanded were medical and hospital records from 10 identified doctors and North Shore Hospital as well as social services records, autopsy reports, CT scans and MRI films. Proponent rejected the demand by letter dated July 26, 2004, again relying upon SCPA 1404 (4). This potential objectant’s counsel then attempted to resolve the issue by letter to counsel which was not replied to by proponent. This potential objectant then made a cross motion returnable August 18, 2004 requesting a court order directing compliance with the served demand to produce. Again, the proponent’s counsel opposed the motion on the grounds that article 31 of the CPLR does not apply until issue is joined and SCPA 1404 (4) limits the discovery permitted before SCPA 1404 exams.
*318 On August 18, 2004 members of the court’s law department met with counsel for all of these parties. After this conference, the parties executed a written stipulation by all counsel, adjourned the SCPA 1404 exams without a date, agreeing that proponent would answer the discovery demands no later than September 20, 2004, the motions were withdrawn without prejudice to renew and after respondents had a reasonable time to digest the responses to the demand, SCPA 1404 exams would be rescheduled. After proponent’s responses were served, all potential objectants concluded that the responses did not give them adequate information about decedent’s medical condition. Accordingly, counsel for the potential objectants both served counsel for the proponent with demands that the proponent provide and furnish the potential objectants with “HIPPA compliant authorizations” to obtain medical records from 14 to 18 health care providers. SCPA 1404 examinations have not been scheduled or conducted. No objections have been filed, but proponent claims he was served with objections although they have not been filed in the court. The propounded instrument does not contain an in terrorem clause. Proponent now moves for a protective order from these most recent demands for medical authorizations upon the ground that they are unauthorized by the statute at the present stage of the proceedings. The court notes that the interrogatories are not a subject of the instant motion.
SCPA 1404 (4) provides that:
“Any party to the proceeding, before or after the filing objections to the probate of the will, may examine any or all of the attesting witnesses, [and] the person who prepared the will ... No person who has been examined as a witness under this section shall be examined in the same proceeding under any provision of law except by direction of the court. The attesting witnesses [and] the person who prepared the will . . . may be examined as to all relevant matters which may be the basis of objections to the probate of the propounded instrument. There shall be made available to the party conducting such examination, all rights granted under article 31 of the civil practice law and rules with respect to document discovery.”
It is therefore clear that SCPA 1404 examinations may be as broad as any objections that might be filed and that the examining party gets only one opportunity to examine (Turano, *319 Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1404; Matter of Delisle, 149 AD2d 793 [1989]). Permission from the court to reexamine these witnesses is not granted lightly (Matter of Lachman, 100 Misc 2d 21 [1979]; Estate of Cesario, NYLJ, Oct. 19, 1993, at 32, col 5). Under prior law relied upon by the proponent, where the SCPA 1404 examination was limited to due execution and a second examination of the witnesses was permitted, discovery of medical records was unavailable prior to the filing of objections (see, Matter of Baum, 7 Misc 2d 937 [1957]). However, under present law, where only one examination of full scope is allowed of the attesting witnesses, the potential objectant should be permitted to be informed of decedent’s medical condition before these examinations.
The proponent has not provided the court with any authority for her argument that there are some limitations on discovery under CPLR article 31 prior to the filing of objections; in fact, the weight of authority is to the contrary (Matter of Delisle, 149 AD2d 793 [1989]; Estate of Powers, NYLJ, Aug. 24, 2001, at 23, col 1; Estate of Giardina, NYLJ, June 15, 1999, at 34, col 6; see also 2 Harris, New York Estates: Probate, Administration and Litigation § 20:90 [5th ed]). The commentators in Harris, New York Estate § 20:90 in a Practice Tip note that there is some debate among attorneys regarding the scope of discovery permitted under the CPLR prior to the filing of objections. They state that although there are no cases on point, discovery at this stage is presumably as broad as that permitted after objections are filed. The case law now permits the SCPA 1404 examinations to go beyond the circumstances of due execution itself and inquire into all possible grounds for objecting to the propounded instrument (Matter of Delisle, 149 AD2d 793 [1989]; see 8 Warren’s Heaton, Surrogates’ Courts § 112.02 [6th ed rev]). There is no reason that the same principle should not apply to document discovery. Elsewhere the same commentators in another Practice Tip emphasize that these examinations should not be treated perfunctorily; full preparation is in order including acquiring as much advanced information about the decedent as possible (2 Harris, New York Estates: Probate, Administration and Litigation § 20:65 [5th ed]).
CPLR 3103 (a) provides that a protective order may be issued to prevent “unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice.” The party seeking the protective order must make a factual showing to be entitled to such *320 relief (Hartheimer v Clipper, 288 AD2d 263 [2001]). Essentially, the court must balance the preference for allowing discovery against the other parties’ rights to be free from unreasonable annoyance or other prejudice (Estate of Martin, NYLJ, Apr. 8, 2004, at 32, col 6). The only credible argument made by proponent is that preobjection discovery based upon the numerous authorizations requested could lead to the disclosure of very personal information about the decedent. However, HIPPA compliant authorizations are now required for health care provider compliance with subpoena duces tecum (CPLR 3122 [a]; see Off of Ct Admin, Official Form 960). Thus, the medical records will only be available to the parties.
Accordingly, for all these reasons stated heretofore, the motion for a protective order is denied.