*828 OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by motion of petitioner following the suspension of a hearing pursuant to SCPA 1404 held at the law office of respondent’s attorney by agreement of the parties.
Petitioner requests three substantive orders related to the examination of witnesses before resuming the hearing: (1) to continue the SCPA 1404 hearing at the Sullivan County Courthouse under the supervision of the Surrogate or other designee pursuant to SCPA 2609 (3) (a); (2) permission to question witnesses regarding events prior to the three-year period before the date the propounded instrument was executed, pursuant to 22 NYCRR 207.27, because “special circumstances” exist that warrant an exception; (3) that Mr. Joseph Pond, a witness and the attorney who drafted the decedent’s last three wills, fully produce all of his files relating to the three wills, the last of which is the propounded will, including files dated prior to the three-year period from the date the propounded instrument was executed.
Respondent submits an affirmation in opposition. Petitioner submits a reply. Respondent submits a surreply.
Respondent agrees with petitioner’s first request. Accordingly, petitioner’s first request, to have the SCPA 1404 examination continued at the courthouse under the supervision of the Surrogate or designee, is granted on consent.
Respondent objects to the second and third requests because petitioner has neither asserted nor put forth any evidence of “special circumstances” to warrant an exception to Uniform Rules for Surrogate’s Court (22 NYCRR) § 207.27.
Prior to the SCPA 1404 hearing petitioner filed objections with the Surrogate’s Court.
Technically speaking a SCPA 1404 hearing is not a hearing in the evidentiary sense. It is actually an examination as per SCPA 1404 and 22 NYCRR 207.27.
In SCPA 1404 examinations, witnesses must be produced before the court (SCPA 1404 [1]), said examinations shall be held at the courthouse (22 NYCRR 207.28), but may be supervised by the Surrogate or his designee (SCPA 2609 [3] [a]).
Petitioner’s second request, for permission to question witnesses prior to the three-year period from the date the propounded instrument was executed, and the third request, for discovery of documents relative to the same time period, pursu *829 ant to special circumstances as required by 22 NYCRR 207.27, requires a more probing analysis since there is a scarcity of Surrogate’s Court decisions on these issues.
At first review, it would seem that whether special circumstances exist herein, as required by 22 NYCRR 207.27, is the issue for this court’s determination.
However, before deciding whether special circumstances exist herein, this court must first determine if 22 NYCRR 207.27 applies to a SCPA 1404 examination.
There are a number of cases where various surrogates apply the section 207.27 three- and two-year time limitation to SCPA 1404 examinations without explanation. (See, i.e., Matter of MacLeman, 9 Misc 3d 1119[A], 2005 NY Slip Op 51675[U] [Sur Ct, Westchester County 2005]; Matter of Martin, 2003 NY Slip Op 50609[U] [Sur Ct, Nassau County 2003]; Estate of Powers, NYLJ, Aug. 24, 2001, at 23, col 1 [Sur Ct, Westchester County 2001]; Matter of Partridge, 141 Misc 2d 159 [Sur Ct, Rockland County 1988].)
One Surrogate has held, after analysis, that the three- and two-year time limitation of section 207.27 applies to SCPA 1404 examinations and document production whether the examination is held prior to objections or after objections have been filed. (Estate of Giardina, NYLJ, June 15, 1999, at 34, col 6 [Sur Ct, Nassau County 1999].)
22 NYCRR 207.27, commonly called the three and two rule, states in pertinent part:
“In any contested probate proceeding in which objections to probate are made and the proponent or the objectant seeks an examination before trial, the items upon which the examination will be held shall be determined by the application of article 31 of CPLR. Except upon the showing of special circumstances, the examination will be confined to a three-year period prior to the date of the propounded instrument and two years thereafter, or to the date of decedent’s death, whichever is the shorter period.” (Emphasis added.)
The issue of what does the term “examination before trial” mean in the context of section 207.27 is controlling to this analysis.
The legal community commonly refers to an examination before trial as an EBT. It is a discovery device under article 31 of CPLR, which is applicable to most civil cases and to both SCPA 1404 examinations and section 207.27.
*830 However, CPLR article 31 provides that the discovery device commonly called an EBT is, in actuality, a deposition upon oral questions. (See, CPLR 3102 [a]; 3106, 3107.)
Thus, any argument that section 207.27 only applies to the legal community shorthand EBT is misplaced. Since the term EBT is a misnomer, the words “examination before trial” in section 207.27 actually refer to an examination before a trial of any kind, civil or Surrogate.
However, even though section 207.27 does apply to any examination before a trial genetically, it only applies in SCPA 1404 examinations when there is a “contested probate proceeding in which objections to probate are made.” (See, 22 NYCRR 207.27.)
This court respectfully disagrees with the various courts and Estate of Giardina (supra) that apply section 207.27 in all circumstances to SCPA 1404 examinations.
This court finds that the section 207.27 rule only applies after a party has filed a formal objection to a probate proceeding; it does not apply prior to objections. And, once a party has filed a formal objection, the rule limits discovery in examinations before trial to three years prior and two years beyond the creation date of the propounded instrument or the decedent’s death, whichever is shorter. Since section 207.27 limits a litigant’s right to discovery, it must be narrowly construed.
SCPA 1404 (4) allows for broad discovery with respect to attesting witnesses in a probate proceeding, before or after filing objections to the probate of the will. The original objective of section 1404 was “to enable a respondent to decide intelligently whether or not to file objections to probate.” (See, 1999 Report of Sur Ct Advisory Comm.)
To this end, SCPA 1404 (4) specifically allows examination “as to all relevant matters which may be the basis of objections to the probate of the propounded instrument.” (Matter of Delisle, 149 AD2d 793 [3d Dept 1989].)
Relevancy, materiality and usefulness are synonymous. (See, Matter of Schneier, 50 AD2d 715 [App Term, 4th Dept 1975].)
“[T]he trend has been to broaden the scope of discovery in connection with the SCPA 1404 examinations to encompass any area that might support any permissible objection to probate. The rationale for such liberal disclosure is not only because the purpose of the SCPA 1404 examination is to ascer *831 tain the merit of any contemplated objection but also because the examining party will not have a second opportunity to examine the 1404 witnesses except by court order, which will not be lightly granted (SCPA 1404 [4])” (Matter of Roth, 7 Misc 3d 1010[A], 2005 NY Slip Op 50521[U], *2-3 [Sur Ct, Bronx County 2005]).
Petitioner in this case had filed formal objections to the probate proceeding. Thus, the section 207.27 three- and two-year time limitation applies unless petitioner can show special circumstances.
In the case at bar, petitioner alleges that the decedent, who died on August 31, 2003, had made three wills, all with different or differing provisions as to the disbursement of his estate.
The propounded will is dated November 7, 2002. Allegedly, there are also prior wills dated August 22, 2001 and September 16, 1999. The time span between the propounded will and the oldest will is 3 years and 52 days. That is, just 52 days beyond the three and two rule.
In all three wills, the decedent acknowledged, and made bequeaths to, his three daughters by a previous marriage. In two of the three wills, the decedent stated he was married to the petitioner. In two of the three wills, he acknowledges having a son with petitioner, his current wife, but denies having any children with petitioner* in one of the three wills. All three wills have provisions regarding decedent’s estate that differ in size of the shares or listing different objects of his bounty including his declarations of paternity which are patently inconsistent.
This court finds that petitioner has shown special circumstances herein as required by section 207.27, applicable to SCPA 1404 examinations and document discovery since objections were formally filed with the Surrogate’s Court prior to notice for examinations under SCPA 1404.
Based upon the above, it is ordered that the SCPA 1404 examination shall resume at the Sullivan County Courthouse before the Surrogate or his designee at a date to be agreed upon by all parties and the court, and it is further ordered that petitioner may examine the SCPA 1404 witnesses on any relevant matters which may form the basis for objections and which may *832 have occurred more than three years prior to the date of the propounded will, and it is further ordered that witness and will draftsman, Joseph Pond, Esq., shall produce his entire files regarding the wills of decedent dated November 7, 2002, August 22, 2001 and September 16, 1999, and any other documents or items related to his representation of the decedent in other legal matters.

 There has been no declaration or determination of paternity for the son in question.