*366 OPINION OF THE COURT
Margarita Lopez Torres, S.
This proceeding is to construe the last will and testament of Joseph Singer. Vivian Singer, the executor of the estate and daughter of the testator, asks the court to determine whether her brother, Alexander Singer, violated the in terrorem clauses contained in their father’s will.
Under the testator’s will and revocable trust agreement, he bequeathed to Vivian the house they both shared, some personal property, and $200,000 which she asserts is for the maintenance of the house. Paragraph 4 (F) of the trust agreement states that the testator made the bequests to his daughter “in recognition of [Vivian’s] unusual dedication to the [testator] and for taking care of the [testator]. The [testator] realizes that his daughter gave her life to take care of him and feels a great sense of gratitude toward her.” The trust agreement also instructs that $15,000 each be distributed to Alexander’s two children. The residue of the estate is to be divided equally between Vivian and Alexander.
The will contains two in terrorem provisions. Paragraph 6 (A) of the will reads:
“If any beneficiary shall, in any manner, directly or indirectly, contest, object to or oppose, or attempt to contest, object to or oppose, the probate of or validity of this Will or the revocable trust agreement created by me, or any part of my estate plan or any gifts made by me, or any of the provisions of this Will or of the revocable trust agreement created by me, in any court or commence or prosecute any legal proceeding of any kind in any court to set aside this Will or the revocable trust agreement created by me or any part of my estate plan or any gifts made by me, then in that event, such beneficiary, and all of such beneficiary’s issue, shall forfeit and cease to have any right or interest whatsoever under this Will or under the revocable trust agreement created by me, or in any portion of my estate, and in such event, I hereby direct that my estate and the trust estate under such revocable trust agreement shall be disposed of in all respects as if such beneficiary had predeceased me without issue.”
The in terrorem clause contained in paragraph 6 (B) of the will specifically addresses Alexander:
*367 “I specifically direct that my son, Alexander I. Singer, not contest, object to or oppose this Will or The Joseph Singer Revocable Trust Agreement, or any part of my estate plan or any gifts made by me, and I specifically direct that my son not take my daughter, Vivian S. Singer, to a Bet Din (religious court) or to any other court for any reason whatsoever, and I specifically direct that if my son takes any such action or brings on any such proceeding, neither my son nor any of his issue shall receive any share of my estate, whether passing under this Will, under the Joseph Singer Revocable Trust Agreement or otherwise.”
Vivian asks this court to determine whether a deposition conducted by Alexander of the attorney who prepared an earlier will for the decedent violated paragraphs 6 (A) and (B). For the reasons given below and under the facts presented, the court holds that Alexander violated the in terrorem provisions contained in his father’s will and construes the will to bar any disposition or distribution to Alexander.
Pursuant to SCPA 1404 (4) and EPTL 3-3.5 (b) (3), a beneficiary under a will may safely inspect certain documents and depose certain persons without such discovery being deemed a violation of an in terrorem clause. This is a statutory right granted by the Legislature which allows any party to depose the witnesses to the will and the person who prepared it. Further, if a party’s bequest under the will is subject to compliance with an in terrorem clause, that party may also depose all persons who are the nominated executors under the will and the proponents of the will. Preliminary examination of these witnesses does not result in the forfeiture of any bequest under the will.
Vivian submitted her father’s will for probate on March 25, 2004. On March 26, 2004, Alexander’s counsel served a notice of discovery and inspection pursuant to SCPA 1404 (4) and article 31 of the CPLR, which, inter alia, demanded depositions of the witnesses to the will, the attorney who prepared the will, Vivian, and Joseph Katz, an attorney, who had prepared an earlier will for the testator. An attorney who prepared a prior will for a decedent is not listed under SCPA 1404 (4) as a deponent who may be examined without triggering an in terrorem clause.
In his papers, Alexander claims that a deposition of Mr. Katz was necessary to discover whether Alexander would receive *368 more money under the prior will and therefore would have a financial interest in objecting to the propounded will. Relying on Matter of Muller (138 Misc 2d 966 [Sur Ct, Nassau County 1988]), he contends there was no violation of SCPA 1404 (4). In Muller, a distributee made an application to compel the attorney-drafter of the propounded will, who was also a witness of the instrument, to provide all prior wills and instructions in his possession so the same would be available for the attorney-drafter’s deposition. The attorney-drafter objected to the request as being outside the parameters of SCPA 1404’s permissible discovery, thereby violating the in terrorem clause contained in the will. The court ordered the prior wills be produced for the examination of the attorney-drafter of the propounded will and held that such production did not exceed the bounds of SCPA 1404. Muller is inapplicable to this case because the discovery demanded in that case fit squarely within the discovery permissible under SCPA 1404. Section 1404 (4), inter alia, allows a beneficiary to examine both the attorney-drafter of the will and the attesting witnesses to the will as “to all relevant matters which may be the basis of objections to the probate of the propounded instrument.” Further, all documents relevant to the examination must be provided to the examiner by the person to be deposed pursuant to article 31 of the CPLR. Accordingly, in Muller it was appropriate for the attorney-drafter of the propounded will to produce prior wills he had drafted in advance of his deposition. In the instant matter, Alexander failed to conduct discovery through permissible means — document requests to or examination of a person identified in SCPA 1404 (4). Instead, Alexander deposed a prior attorney for the decedent. Accordingly, his conduct reached further than the statute allows.
In Matter of Ellis (252 AD2d 118 [2d Dept 1998]), the Court found that discovery which goes beyond the persons listed in SCPA 1404 violates an in terrorem clause. In that case, two beneficiaries filed an ancillary lawsuit against the executor, petitioned for temporary letters of administration to sue the executor for wrongful death, and conducted depositions of persons who were not designated in SCPA 1404 (4). The language in paragraph 6 (A) of the decedent’s will is precisely the same language used in the in terrorem clause in Ellis. Both clauses instruct beneficiaries not to contest the will in “any manner.” Alexander urges the court not to follow the holding in Ellis, because the conduct of the beneficiaries in *369 that case allegedly was more extreme than Alexander’s actions. To require the court to adopt a standard which would apply an in terrorem clause only in cases where a beneficiary performs all the acts committed by the beneficiaries in Ellis is not reasonable and the court declines to follow such an approach. Rather, the court is persuaded by the following language in Ellis:
“Here, not only did the respondents seek disclosure from persons other than those specified in SCPA 1404 (4), but also, the further depositions of [the executor] and others after the objections to probate were served and purportedly filed. Under no view of the facts could it be said that the respondents employed SCPA 1404 (4) to conduct preliminary examinations of the specified parties with the intent of probing the bona fides of any concerns they might have entertained as to the fraud and undue influence by [the executor] in order to avoid meritless, destructive litigation.” (252 AD2d at 132.)
It is clear from the above holding that examination of parties not specified in SCPA 1404 (4) violates an in terrorem clause.
Moreover, it is significant that the Legislature failed to include a decedent’s prior estate-planning attorney in the list of permissible deponents under SCPA 1404 (4). (Pajak v Pajak, 56 NY2d 394, 397 [1982] [the failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended]; Matter of Pritchard, 138 Misc 2d 945, 947 [Sur Ct, Suffolk County 1988] [where statutory language is plain and unambiguous, the court must enforce the statute’s express provisions].) When SCPA 1404 (4) was initially enacted, it only allowed a beneficiary to examine the attesting witnesses to a will without triggering a will’s in terrorem clause. The Legislature subsequently amended SCPA 1404 (4) on two occasions relevant to this case. These amendments created a safe harbor for the examination of the draftsperson of the will, nominated executors, and the proponents of the will. (L 1992, ch 127, § 1; L 1993, ch 514, § 32.) Through these amendments, the Legislature demonstrated that it is cognizant of “the testator’s absolute right to disinherit a party . . . while still permitting certain limited inquiries concerning the validity and authenticity of a will consistent with public policy considerations.” (Matter of Ellis, 252 AD2d at 130.)The Legislature did not, however, *370 include an attorney who drafted a prior will within the limited discovery permitted under SCPA 1404 (4). “A court cannot by implication supply a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Accordingly, this court will not permit discovery which reaches beyond the limits established by the Legislature.
The court has also examined the intent of the testator. “The cardinal rule of construction . . . of an in terrorem clause is to carry out the intent of the testator.” (Matter of Ellis, 252 AD2d at 127.) The will in this matter contains two in terrorem clauses. The in terrorem clause contained in paragraph 6 (B), cited in its entirety above, specifically addresses Alexander and limits his conduct. Furthermore, the fourth paragraph of the will reveals the testator was cognizant of the friction between his children and wished for his estate to be settled smoothly: “I have named my son as alternate Executor because my daughter and my son do not get along and I believe that it is preferable for my daughter to serve as Executor without having my son as Co-Executor.” It is clear the testator was concerned that Alexander not interfere with the probate of his will. However, Alexander not only conducted those examinations authorized in SCPA 1404 (4), he also examined a prior attorney for the testator to ascertain whether it would be financially beneficial to challenge his father’s last will. In doing so, he has violated the in terrorem clauses contained in the will, contrary to the testator’s intent.
Alexander also contends that because he did not file objections to probate, his behavior does not rise to the level of a contest to probate of the will. A beneficiary need not file objections to violate an in terrorem clause. (252 AD2d at 127.) The purpose of an in terrorem clause is not merely to prevent challenges which might result in an “actual trial or that were settled for consideration,” but also to prevent those actions “that would delay the probate of a will, place the testamentary scheme in jeopardy, and harass [another beneficiary].” (Id. at 128.) As a result of Alexander’s conduct, it took over one year to probate the will, the executor paid for her attorney to schedule and attend various depositions including that of Mr. Katz, and the *371 testamentary scheme was placed in jeopardy as a result of the ongoing negotiations between the parties.*
Respondent Alexander has violated the conditions of paragraphs 6 (A) and (B) of the last will and testament of Joseph Singer, and therefore his bequest under the will is revoked.

 Matter of Ellis, 252 AD2d at 126 (settlement negotiations place decedent’s testamentary scheme in jeopardy).